## Jesse Scott v. Jonathan T. Bush.

*Contracts : Stipulated damages : Statute of frauds : Money had and received.* Money advanced on a verbal agreement to purchase lands, to be held as stipulated damages on default in the purchaser, and otherwise to be applied as part of the purchase money, may be recovered back ; the contract to purchase being void, the agreement that the money advanced should be forfeited in case of failure to purchase, being but a part of the same contract, was also void and created no obligation.

*Stipulated damages : Compensation for expenses and trouble, etc.* An agreement that money so advanced should be retained in case of failure to complete the purchase, as compensation for expenses and trouble caused by such failure, is nothing more nor less than an agreement that it may be retained as stipulated damages for the non-performance of the contract of purchase.

*Statute of frauds : Moral obligation.* To recognize a contract which is within the statute of frauds, as creating a moral obligation which in its turn should be held a sufficient consideration to take any part of the contract out of the statute, would in effect be to render the contract valid as to such part, and to that extent to do away with the statute; the only moral obligation which can be taken into account is such as arises from what was actually done by the parties, considered as if the void agreement had never been made.

*Money advanced on a void contract : Consideration : Statute of frauds.* The money having been advanced upon a contract void under the statute of frauds, it cannot be retained on the claim that there was a sufficient consideration for the payment, growing out of collateral matter, which in effect was but part of the void contract itself; the invalidity of the contract is the result, not of a want of consideration, but of the failure to put it in writing.

*Heard May 12. Decided July 14.*

Case made from Jackson Circuit.

*Johnson & Crane,* for plaintiff in error.

*Gibson & Wolcott,* for defendant in error.

CHRISTIANCY, J.

We think this case, as now presented, was substantially decided when formerly before us, as reported in *26 Mich.*, *418.* It appeared in that case, that the three hundred dollars put into the hands of the defendant, under the verbal agreement to purchase his farm, was to be held by defendant in case plaintiff should fail to perform by making the purchase; in other words, to be forfeited in case of such

failure, or rather, in effect, to be held as stipulated damages; but if he should perform, then to apply as part of the purchase money. And we there held, that the contract to purchase being void, and this being but a part of the same contract, it was also void, created no obligation, and gave no right to retain the money.

The only additional fact which now appears, bearing upon this point, is, that by the agreement it was expressly stipulated that in case of plaintiff's failure to perform the verbal contract for the purchase of the farm, the defendant should retain the three hundred dollars *as a compensation for the expenses and trouble* he had been put to in consequence of such failure, which is neither more nor less than to say, that he was to retain it as his stipulated damages for the non-performance of the verbal contract; this was void, and for the breach of it there could in law be no damages, stipulated or otherwise.

In fact, we treated it before as in effect stipulated damages, and held that it would have been valid as such if the agreement to purchase, of which it was a part, had been in writing, though in form the parties had expressed it rather as a forfeiture.

This new fact, therefore, in no manner alters the case.

But it is further urged, that here was a moral obligation sufficient to sustain the agreement of the plaintiff that defendant should retain the three hundred dollars. We are unable to see any moral obligation, unless it sprang from the void contract to purchase, and to recognize *that* as creating a moral obligation, which, in its turn, should be held a sufficient consideration to take any part of the contract out of the statute, would in effect be to render the contract valid as to such part. But the agreement was one and entire; and any moral obligation which we can recognize in such a case must be such as arises from what was actually done by the parties; and what was so done is to be treated as if it had been done without any such contract; and upon this principle, money paid by one of the parties in

consequence, or on the faith of, the contract, may be recovered back, as if it had come into the hands of the party receiving it, without such contract, and therefore for the use of the party paying it.

But it is now urged that here was another and a sufficient consideration for the plaintiff's agreement that defendant should retain the three hundred dollars, and plaintiff's counsel states the agreement and consideration upon this point in this form, viz.: that plaintiff agreed with defendant, that if he (the defendant) would meet him at Danforth's office on Monday, and convey his farm to the plaintiff upon the terms agreed upon, and he (the plaintiff) should refuse to take it, he would pay the defendant three hundred dollars, or, which is the same thing, he might retain the three hundred dollars which had been paid; and it is shown that defendant did meet him at Danforth's office, and was ready to convey. But this three hundred dollars, by the agreement, was to apply on the purchase money if plaintiff should take the farm; and this, with all the other facts found, shows clearly that the agreement stated by defendant's counsel was but a part, or one of the alternative terms of the entire contract for the purchase, which contract was void, not because of a want of consideration for any part of it, but because it was not put in writing.

I think the judgment of the circuit court should be affirmed, with costs.

The other Justices concurred.