GILBERT LIDDLE, SEN'R V. SAMUEL NEEDHAM.

*Statute of Frauds—Land contract.*

A verbal executory agreement to deed land is void under the Statute of Frauds, and a promise made in consideration of it is void for want of consideration.

L and N agreed verbally that if N would deed land to L's son, L would give him his note for a certain sum.   N deeded the land but L refused to pay.   *Held* that N could not recover from him, as a verbal land contract is void and furnishes no consideration for a promise, and if any undertaking to pay for the land was implied, the grantee was liable upon it.

Error to St. Joseph.   Submitted June 12.   Decided June 21.

ASSUMPSIT.   Defendant brings error.

*H. H. Riley* for plaintiff in error.   When a contract originally within the statute of frauds has been executed and nothing remains but payment of the consideration, this may be recovered notwithstanding the statute, 2 Pars. Cont. (4th ed.), 316; *Brackett v. Evans*, 1 Cush., 79; *Preble v. Baldwin*, 6 Cush., 549; *Linscott v. McIntire*, 15 Me., 201; *Thayer v. Viles*, 23 Vt., 494; *Thomas v. Dickinson*, 14 Barb., 90: 12 N. Y., 364; *Moore v. Ross*, 11 N. H., 555; *Holland v. Hoyt*, 14 Mich., 238; though

it is held that a contract void under the statute of frauds cannot be used for any purpose, *Scott v. Bush*, 26 Mich., 419; *Det., Hills. & Ind. R.. R. v. Forbes*, 30 Mich., 166; *Chamberlain v. Dow*, 10 Mich., 319; *Hall v. Soule*, 11 Mich., 494; *Grimes v. Van Vechten*, 20 Mich., 410.

*Jno. B. Shipman* for defendant in error.

GRAVES, J.  Needham recovered in the circuit court on a claim which grew out of a transaction between the parties in relation to the proposed transfer of a piece of land by Needham to Liddle's son, and Liddle has brought error.  The declaration consisted of a special count setting up an express agreement, together with the usual general counts in assumpsit.

The cause of action asserted in the special count is that in consideration that Needham promised to give to Liddle's son, subject to the taxes of 1875, a warranty deed of certain land described, he, Liddle, promised to pay said taxes and give his note to Needham for $300 payable in one year with interest at ten per cent.; that he, Needham, gave the deed pursuant to the promise, but Liddle refused to pay the taxes or money or give the note.  It will be observed that the agreement here set up was executory on both sides and that Liddle's promise is alleged to have been made in consideration of that by Needham.

The count does not describe Liddle's promise as made upon a past or executed consideration.  The averment is not that he promised to pay taxes or give his note in consideration that Needham at his request had deeded to young Liddle.  But the allegation is that in consideration of Needham's promise that he would thereafter deed, he, Liddle, promised that he would thereafter give his note, etc., and the object of the count is to compel Liddle to perform this promise.

There was evidence that these parties made a verbal agreement in terms substantially as charged; that Need-

ham subsequently and in compliance with the under-
standing drew up a blank note and made the deed and
sent them to young Liddle; that the elder Liddle refused
to pay any thing or to give the note, and claimed that
he was not bound.   There was also evidence tending to
show that the deed had never been accepted by young
Liddle as a conveyance, and that he disclaimed title
under it.   The evidence was 'conclusive that the whole
transaction was bare of writing except the deed and
blank note, and that Liddle made no promise in terms
at any time after the verbal bargain.   The question was
distinctly and fairly raised whether Liddle was or was
not exempt from liability upon his executory promise by
operation of the Statute of Frauds.   He insisted that he
was exempt, but the court ruled against him.   We think
the point is clear.   The agreement was for the purchase
and sale of land, and the want of writing was fatal.
*Scott v. Bush*, 26 Mich., 418; *same case*, 29 Mich., 523.

The agreement when made was without force.   Neither
party was bound by it.   This direct infirmity due to the
want of writing leads also to another objection.   As
Needham's promise to deed was not binding at all,
Liddle's promise made entirely on the strength of it was
not binding for lack of consideration.

In order to make one promise a valid and binding
consideration for another, it must itself be valid and
binding.

It is plain that no recovery was admissible under the
special count.

Is the case in any better shape to justify recovery
under the common counts?   The court think not.   If
there is any chance for contending for an actionable
right in favor of any party under them, it must be by
*implying* an undertaking from a proved acceptance of
Needham's grant.

The case leaves no basis for any other theory.   The
door is closed against the existence of any tenable express
promise.   And if we assume that no technical difficul-

ties exist and concede as true what is strongly denied, that young Liddle actually accepted the deed as a conveyance, there being no pretense of acceptance through any other person, and still the case must fail. The undertaking to be implied would have to be imputed to the recipient of the grant, young Liddle, and not to his father, who as to this matter is to be regarded as a stranger. The unwritten bargain being of no force to constitute a contract and create legal contract relations cannot be resorted to as help in making out such a relation by implication. The only consequence of the attempt to imply a promise would therefore be to imply it as against a third person and indirectly negative the making of any promise by the party charged.

Inasmuch as the transaction had no legal validity, there was no ground of recovery, and the court erred in allowing it.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.