John D. Rawdon v. Winslow Dodge.

*Statute of frauds—Equity of redemption an interest in lands.*

A contract to procure the conveyance of an equity of redemption held by a third person is within the statute of frauds as a contract for the sale of an interest in lands, and is void if not in writing.

The admission of verbal evidence to prove an agreement for the transfer of an interest in lands is none the less error because the agreement itself was void.

Error to Kent. Submitted April 17. Decided April 24.

Assumpsit. Defendant brings error.

*H. Joslin* for plaintiff in error. Oral agreements to buy land for another and to procure the conveyance of land by another, are void under the statute of frauds, *Hocker v. Gentry*, 3 Metc. (Ky.), 463; *Craig v. Prather*, 2 B. Monr. (Ky.), 12; *Horsey v. Graham*, L. R. 5 C. P., 13; *Stephenson v. Thompson*, 13 Ill., 186; *Fox v. Heffner*, 1 W. & S., 372; Story on Cont., 413; a verbal agreement to discharge a mortgage is void, *McEwan v. Ortman*, 34 Mich., 325; in an action at law part performance does not take the case out of the statute where a deed is not accepted and possession taken, *Cagger v. Lansing*, 43 N. Y., 552; *Stone v. Browning*, 68 N. Y., 598; *Colgrove v. Solomon*, 34 Mich., 494.

*H. F. Higgins* for defendant in error.

Graves, J. The circuit court affirmed the judgment rendered by a justice of the peace in favor of Dodge against Rawdon, and the latter alleges error.

The declaration specially described the cause of action as arising upon a contract between the parties whereby Rawdon agreed to pay Dodge $90 in case the latter would cause two specified mortgages on a given parcel

of land to be discharged, and would also cause the equity of redemption then held by one Sayles and wife to be conveyed to him, said Rawdon.

The agreement rested on a verbal understanding, and Rawdon refused to carry it out. He declined to be bound by it, and would not accept a deed.

His counsel at the trial objected that verbal testimony was not competent, but the justice admitted it.

It is now urged that the charge of error is not supported by the exception which was taken, and moreover that proof of a void agreement could not have worked prejudice.

We think the record sustains the allegation of error, and that if the agreement was not enforceable, because it was not written, the admission of verbal evidence to show it would not be thereby excused. The point of the objection was that the plaintiff's case should not be maintained before the jury by a kind of evidence made incompetent by statute, and it would be a strange answer to say that as it was incompetent its admission is not a good ground of error.

It is not claimed that written evidence was not necessary to show the agreement for the transfer of the equity of redemption, or that there was any such evidence, and the record imports that no proper writing was ever made.

The agreement was that an interest held by Sayles in the land should be conveyed to Rawdon, and the transaction was within the words and policy of the statute. Comp. L., §§ 4692–4694.

The fact that the interest to be transferred was not then in Dodge, but was vested in Sayles, could make no difference. It was a contract for the sale of an interest in land, and it is not important that the title then resided in a third person.

In addition to the authorities cited for plaintiff in error, the following may be consulted: *Wright v. De Groff*, 14 Mich., 164; *Scott v. Bush*, 26 Mich., 418;

*Same v. Same*, 29 Mich., 523; *Purcell v. Miner*, 4 Wall., 513; *Erben v. Lorillard*, 19 N. Y., 299.

The judgment below must be reversed, and plaintiff in error will recover his costs of all the courts.

The other Justices concurred.