CAROLINE M. WALDRON, CHARLES N. WALDRON, AND JEREMIAH WATERMAN, EXECUTORS, v. JONAS LAIRD.

*Statute of frauds—Verbal contract for sale of lands—Amendment of pleadings.*

1. A mortgagor *verbally* agreed to sell the mortgaged premises subject to the mortgages, which the purchaser agreed to pay, and tendered such purchaser a warranty deed of the land containing a covenant for *such* payment, which at the request of the purchaser was destroyed, and a quitclaim deed executed to his two sons, in which no mention was made of the mortgages, or the agreement for the payment of the mortgage debt. The mortgagee declined to accept the purchaser as his debtor in place of the mortgagor, but, on his renewed promise made to the mortgagor and mortgagee to pay the debt, the quitclaim deed was delivered to his sons, who took possession of the land thereunder. The father failed to pay the notes, and the mortgagor transferred his claim to the mortgagee, whose executors brought suit, thereon.

   *Held,* that the conveyance to the purchaser's sons by his direction was equivalent to a sale to himself, and that the conveyance and delivery, and acceptance of possession, took the case out of the statute of frauds, requiring contracts for the purchase and sale of lands to be in writing.

2. Where objection is made to a recovery upon the cause of action itself, and not upon the form of pleading, and the special counts of the declaration, while resting on a *verbal* contract for a breach of which a recovery is sought, set out *all* the facts neces-

sary for a recovery, if defective in form an amendment will be allowed.

Error to Hillsdale. (Joslin, J., presiding.) Argued February 10, 1887. Decided February 15, 1887.

Assumpsit. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*E. L. Koon*, for appellants.

*Weaver & Shepard*, for defendant.

CAMPBELL, C. J. Plaintiffs sued Laird upon his liability to pay certain notes which he agreed to pay as the consideration of certain lands purchased by him of one Houghton Finch, and by his direction conveyed to his two sons, Charles G. Laird and Mace J. Laird.

The facts, so far as material, are that on the twenty-seventh day of September, 1875, Finch owned the land in question subject to two mortgages given by himself, one to Daniel McKnabb for $500, payable in two years from its date, which is not given, and one to Mr. Thompson, dated November 16, 1874, to secure $1,700, and interest, in six notes, payable in one, two, three, four, five, and six years from date, which last-named notes and mortgage were, prior to September, 1875, transferred to and owned by Henry Waldron, the decedent.

On September 27, 1875, Finch made a verbal agreement with defendant to convey to him the lands subject to these mortgages; Laird agreeing to pay the same, and hold Finch harmless. In pursuance of this agreement Finch made out a warranty deed subject to the payment and assumption by Laird of these obligations, and offered it to Laird, who said he desired his two sons to have the land, and asked Finch to destroy the warranty deed, and execute quitclaims to his sons, and agreed to pay the notes and mortgages as he had already agreed. Finch said he would do so if Mr. Waldron would

accept Laird as debtor, and release him, but this Waldron declined. Laird then agreed to assume and pay the notes and mortgages, and promised both Finch and Waldron to do so, and the deeds were delivered, and the grantees were given and took possession; the surrender being made in reliance on these undertakings. Laird made default, and paid none of the notes. Finch, in March, 1879, transferred his claim to Waldron.

This suit, which was brought in 1879, is based on this undertaking by Laird, and declares for the amount of two of the notes, which fell due more than a year after the making of the sale to defendant, who pleads in defense several subdivisions of the statute of frauds. This defense was sustained at the hearing, and an offer to prove the facts above stated was held to show no cause of action.

We have no doubt that the conveyance to Laird's sons by his direction was equivalent to a sale to himself, and that the conveyance and delivery, and acceptance of possession, took the case out of the statute of frauds, requiring contracts for the purchase and sale of lands to be in writing. This case differs in that respect from *Liddle v. Needham*, 39 Mich. 147, in the essential particular that in that case there was nothing done by the purchaser beyond making a verbal promise to give a note if the land should be conveyed to his son. The deed was neither delivered to him, nor accepted by him, but was sent directly to his son, the grantee, and he did nothing whatever in the matter after the first verbal agreement, which, being void under the statute, could only be validated by some subsequent act of the promisor himself by way of completing the arrangement. In the present case all that was done from first to last was done by Laird himself in person, and the deeds were delivered by his immediate direction and intervention. He thereby became liable to make good to the vendor the consideration for the sale.

In *Whipple v. Parker*, 29 Mich. 369, it was held that where

the promise on one side was to perform some act which could not, by the terms of the ageement, be performed within a year, that specific act could not be enforced on a verbal agreement. But it was held in the same case that, where there was a performance on the other side accepted, a recovery could be had of its equivalent in value, if not upon the contract specifically.

In the present case there is no doubt as to the amount of the consideration for the sale, which was the exact sum covered by the incumbrances, and for this Laird was liable.

The objection made below to recovery was not upon the form of pleading, but upon the cause of action itself. The special counts, while resting on the verbal contract, set out all the facts necessary for a recovery; and, had it been objected that any difficulty existed in their form, an amendment could not have been refused. The court below held that there could be no recovery at all on the facts offered to be proved. This was, we think, erroneous.

The judgment must be reversed, and a new trial granted, with leave to plaintiffs to amend if they desire to do so.

The other Justices concurred.