KROLL *v.* DIAMOND MATCH CO.

STATUTE OF FRAUDS—CONTRACTS FOR SALE OF LAND—OFFER AND
ACCEPTANCE—CONSIDERATION.

> The tender of a deed of lands, pursuant to the written offer of
> the person named as grantee to pay a specified price therefor,
> does not, even in the absence of a preceding oral acceptance,
> complete a contract for the sale of land, complying with the
> requirement of the statute of frauds that such contracts, to
> be binding, shall be in writing, signed by the party by whom
> the sale is to be made.

Error to Houghton; Hubbell, J.    Submitted April 16,
1897.    Decided May 28, 1897.

*Assumpsit* by William Kroll against the Diamond
Match Company to recover the purchase price of land sold.
From a judgment for defendant, plaintiff brings error.
Affirmed.

*Hill & Rood*, for appellant.

*A. R. Gray*, for appellee.

HOOKER, J.    The findings of fact in this cause state
that the defendant's manager negotiated with the plaintiff
for the purchase by the defendant of plaintiff's interest in
certain lands, and executed and delivered to the plaintiff
a writing, reading as follows:

"Feby. 28, '94.
"Draft for $2,000.    We will send Wm. Kroll, of Kenton, Mich., on rec't from him of a Q. C. deed based on
State T. D. of N. E. ¼ 1, and N. E. ¼ 23-47-40.
"D. M. Co., by J. H. COMSTOCK, Mgr."

After giving the said writing to plaintiff, it was agreed
between him and said Comstock that the deed contemplated by said proposal should be made to him, said Comstock, personally, instead of to the defendant.    The plain-

tiff tendered a deed, which defendant refused to accept, and withdrew its proposal. Thereupon plaintiff brought this action for the price, and was defeated, whereupon he brought the case to this court.

The defense relied on is the statute of frauds. Counsel for the plaintiff claim that the execution of the deed amounted to an acceptance of the written offer of the defendant. They seem to freely admit that, had this offer been accepted orally, it would not have been a binding contract, and that the subsequent tender of the deed would not have made it so, but emphasize the alleged fact that there was no acceptance of the offer, except as the tender of a deed was such acceptance, and say that, being in writing, it had the effect of completing a written contract, which complies with the requirements of the statute, resting upon the offer and the deed. The effect of this argument is to make the validity of the contract depend upon the question whether or not there was an acceptance previous to the making of a deed, thus putting one who had not so accepted upon a better footing than one who made his deed in accordance with his pre-existing promise to do so. This, to say the least, is a distinction that is very technical, and does not appeal strongly to our sense of justice.

No authorities are cited which clearly sustain plaintiff's contention, while several Michigan cases are opposed to it. In *Scott* v. *Bush*, 26 Mich. 418 (12 Am. Rep. 311), a consideration paid for land bargained orally was recovered back, although the owner was willing and offered to convey. The court held that the oral promise to convey was not binding when made, and hence the payment was without consideration. They were regarded as preliminary negotiations, which conferred no rights, and could not thereafter be made binding by any attempt of a single party to force a contract upon the other. It was added that, "if there was no contract already in existence, the subsequent assent of both was as necessary as if they had never negotiated. A party who has never

become bound cannot be held by any but his own agreement. * * * And we cannot conceive of such a thing as a contract which cannot be enforced as a contract, and yet can be the foundation of legal obligations arising out of nothing else."

The case of *Liddle* v. *Needham*, 39 Mich. 147 (33 Am. Rep. 359), is in point. This is a case where Liddle agreed that, if Needham would deed to Liddle's son, he would pay. Needham deeded, but Liddle refused to pay. The court said that "the agreement, when made, was without force. * * * As Needham's promise to deed was not binding at all, Liddle's promise, made entirely on the strength of it, was not binding for lack of consideration." Although the son accepted the deed, the suit against the father failed.

Had the plaintiff tendered the deed, and defendant accepted, and gone into possession under it, the action might possibly be sustained, even had his promise been oral. *Toan* v. *Pline*, 60 Mich. 385; *Waldron* v. *Laird*, 65 Mich. 239; *Kelsey* v. *McDonald*, 76 Mich. 188.

*Ducett* v. *Wolf*, 81 Mich. 311, would be upon all fours with this case but for the fact that in that case there was an oral agreement to convey,—a point upon which counsel do not agree as to this case. The court said:

"There was no consideration for this promise [*i. e.*, to take the land], except the promise of the plaintiff to convey the land to them; but, as this promise of the plaintiff was not binding upon her until the deed was actually *delivered and accepted*, it could furnish no consideration for the defendants' promise to pay the money."

The authorities seem conclusive. The judgment of the circuit court is affirmed.

The other Justices concurred.