### McLENNAN v. BOUTELL.

STATUTE OF FRAUDS—AGREEMENTS RELATING TO REAL ESTATE.
  An oral agreement between individuals about to form a corporation, that if one of their number would purchase a site for a factory, build a factory thereon, equip it with machinery, and turn the property over to the corporation, he should be paid therefor in the capital stock of the company, is a contract to convey real estate, and is void under the statute of frauds.

Error to Bay; Maxwell, J.    Submitted June 10, 1898. Decided July 12, 1898.

*Assumpsit* by William N. McLennan against Benjamin Boutell and John A. McDonald for the breach of a con-

tract to promote a corporation. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*T. A. E. & J. C. Weadock,* for appellant.

*McDonell & Hall,* for appellees.

Hooker, J. The declaration alleges that—

"The plaintiff and defendants, being desirous of forming a corporation * * * for the purpose of manufacturing furniture, * * * the defendants agreed with said plaintiff that if he would complete the erection of a building upon a piece of land which he had agreed to purchase on the line of the Bay City Belt-Line Railway Company [describing it] for the purposes of a chair and furniture factory and planing mill, and would also purchase certain machinery, proper and suitable for the purpose of manufacturing wooden chairs and furniture and the general purposes of said planing mill, and put the grounds hereinbefore described in condition for occupancy for such purpose, that the said defendants would repay to him the amount which he should so expend, in the paid-up capital stock of said company when organized, to the amount of $10,000, the balance to be paid him in cash by said company; that, relying upon said promises, said plaintiff partially finished said building, when the articles of association of said projected corporation were made, after which the defendants urged the plaintiff to go on with the work upon said building and grounds, and the purchase of said machinery, * * * which the plaintiff accordingly did at his own expense, relying upon said promises, at a cost of $10,000, and also purchased machinery at a cost of $7,000; that the projected corporation was to have a capital of $25,000; that, in pursuance of the agreement, the articles of association were drawn and executed, and that the stock was subscribed as follows: Benjamin Boutell, 700 shares; John A. McDonald, 600 shares; William N. McLennan, 1,000 shares; Benjamin S. Trombley, 200 shares."

The declaration states, further, that—

"It was also agreed that McDonald was to be president, Boutell vice president, and the plaintiff secretary and

treasurer, of the company, and all three were to be direct-ors; that the articles were filed and the franchise fee paid as required by law, and that, except as aforesaid, no money has been paid in to or expended by said corporation, except by the plaintiff, as aforesaid, in erecting said building, etc.; that repeated requests for an election of officers have been made by him to said defendants, that the capital stock might be collected, and the business for which the engagement was made and corporation organized might be entered upon, but they have at all times refused to meet with the plaintiff for such purpose, and by reason of said refusal, and the failure of said defendants to perform and fulfill their engagement, said property became useless to him, and he suffered great loss; and that thereupon the said defendants afterwards * * * promised the plaintiff to pay to him said several sums of money * * * on request, which, though requested, they have failed to do; to his damage," etc.

Upon the trial, after having proved the contract, and the completion of the factory, purchase of the machinery, organization of the corporation, etc., the plaintiff testified that his plant was ready to turn over to the corporation, but was not turned over; that the defendants did not let him turn it over. Thereupon the following occurred:

" Q. It was not turned over, and you never made any writing to turn it over or transferred it?

"The Court: I think the corporation is fully organized and as fully existing as any corporation, and, that being so, this action will not lie. The stock was all subscribed, and the articles of association completed, and the stockholders met afterwards, and, although there was no election, they gave him directions to go on and make the expenditures. On that showing, I will take the case away from the jury.

"Mr. Weadock: Your honor understands we have not concluded our testimony, and, in order to have the question fairly presented, will say we offer to prove the declaration.

"The Court: You may have the benefit of an exception, so the whole question, which is an important one, may be presented to the Supreme Court.

"Mr. Weadock: What we will ask to recover in this case is the damages to us by reason of the investment

made upon the representations and at the request of the defendants, pure and simple, and that is the amount we have expended, less the amount that was paid upon the foreclosure of the mortgage.

"*The Court:* Gentlemen of the jury, you will find a verdict for the defendants.    (Exception taken.)"

It is obvious that the alleged contract contemplated the sale and conveyance of real estate, and, being oral, was void, under the statute of frauds.    *Scott* v. *Bush*, 26 Mich. 418 (12 Am. Rep. 311), 29 Mich. 523; *Liddle* v. *Needham*, 39 Mich. 149 (33 Am. Rep. 359); *Raub* v. *Smith*, 61 Mich. 543 (1 Am. St. Rep. 619); *Nims* v. *Sherman*, 43 Mich. 45 (38 Am. Rep. 159); *Rawdon* v. *Dodge*, 40 Mich. 697; *Colgrove* v. *Solomon*, 34 Mich. 500.    It follows that the judgment must be affirmed, and it is so ordered.

The other Justices concurred.