124　687
140　668

## LEMON v. RANDALL.

INJUNCTION — PRACTICE OF MEDICINE — SPECIFIC PERFORMANCE—
DEFENSES— VOID CONTRACT.

    A physician who, by written agreement, has sold his good will in the practice of medicine, agreeing not to re-engage in practice in the same locality without the purchaser's consent, cannot defeat a bill to enjoin him from resuming practice by showing that the purchaser has failed to carry out a contemporaneous verbal agreement to purchase his house, such collateral agreement being void under the statute of frauds.

Appeal from Ingham; Person, J.　Submitted February 1, 1900.　Decided October 31, 1900.

Bill by James F. Lemon against Charles L. Randall to restrain defendant from practicing medicine, in violation of his agreement. From a decree for complainant, defendant appeals. Affirmed.

*Cummins & McArthur*, for complainant.

*Charles L. Randall, in pro. per.*

MONTGOMERY, C. J.　Defendant is a physician, who, prior to September 21, 1891, had been engaged in the practice of his profession at Dansville, Mich.　On the date stated he signed and delivered to complainant, who is also a physician, an agreement reading as follows:

      "DANSVILLE, MICHIGAN, September 21, 1891.
    "For value received, I hereby sell and turn over, on and after October 1, 1891, to J. F. Lemon, M. D., my good will in the practice of medicine in Dansville and vicinity, and agree to use my influence to introduce him to my patrons, and secure for him their patronage and influence, and that I will not re-enter into or engage in the practice of medicine here after October 1, 1891, without a written agreement with said J. F. Lemon.
                        "C. L. RANDALL, M. D."

After this agreement was made, the defendant, in pursuance of its terms, introduced complainant to his patrons, and complainant entered upon the practice of his profession at Dansville. Defendant went to Florida, and remained through the winter, returning in the spring, and has since his return, from time to time, prescribed for and treated some of his former patients. The bill in this case was filed to restrain defendant from continuing his practice. From a decree in complainant's favor, defendant appeals.

There was no dispute about the facts above stated, nor is it disputed that complainant paid the defendant $100 when the agreement was signed and delivered. The defense relied upon is that this instrument did not embody the whole agreement between the parties, and that, contemporaneously with the making of this agreement, Dr. Lemon entered into certain engagements, which he failed to keep. The testimony adduced by defendant tends to show that it was agreed that Dr. Lemon should move into one of Dr. Randall's houses in Dansville, and pay rent at the rate of $1 per week, and that, if he continued to remain at Dansville, he should, within one year, purchase one of these houses at the price of $900, and in that event the $100 paid down should apply as part of the purchase money. Defendant testified that a written memorandum was drawn up by him to this effect, but that complainant declined to sign it, although admitting that it embraced the previous talk between the parties. Notwithstanding complainant's refusal to sign the agreement, defendant permitted the agreement signed by him to stand, and did not seek to rescind, but acted upon it.

It is doubtful whether the defendant understood the promise of complainant as creating any obligation other than a moral one. In answer to the question in reference to the unsigned instrument, "You thought it would do just as well as though it was signed, so you kept it?" defendant replied, "No; I didn't think it would do just as well as though signed, but I kept it as a matter of mem

orandum." But, assuming that defendant understood that there was a binding agreement on the part of complainant to purchase one or the other of these houses, it was an agreement void under the statute of frauds, and cannot be used as a defense. We do not overlook the cases which hold that, as a defense to a bill for specific performance, parol evidence is admissible to show that, by fraud, mistake, or surprise, the written agreement does not contain the real terms (2 White & T. Lead. Cas. Eq. p. 929 [* 496]; *Chambers* v. *Livermore,* 15 Mich. 381); but, as was said by Lord Justice Turner in *Watson* v. *Marston,* 4 De Gex, M. & G. 230, "The court does not refuse a specific performance on the arbitrary discretion of the judge; it must be satisfied that the agreement would not have been entered into if its true effect had been understood." In the present case the defendant knew, at the time of the execution of the written agreement which complainant asserts, that the collateral agreement which is set up in the answer was not reduced to writing. The writing was signed by him with a full understanding of its terms. He now seeks in defense to avoid the force of the agreement, complete in itself, by setting up another parol agreement, void under the statute of frauds. This collateral contract was a mere nullity, and cannot be used for any purpose whatsoever. *Scott* v. *Bush,* 26 Mich. 418 (12 Am. Rep. 311).

The decree will be affirmed, with costs.

The other Justices concurred.