CHARLES BAGNOLE, APPELLANT, v. BRIDGET MADDEN, APPELLEE.

Submitted March 12, 1908—Decided June 8, 1908.

Upon the authority of *Stout* v. *Humphrey,* 40 *Vroom* 436—*Held,* that where a real estate broker has no written authority at the time a sale is effected by him, an express promise to pay a stated commission subsequently made in writing and signed by the vendor will not sustain an action for the sum named therein.

On appeal.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *Samuel W. Boardman, Jr.*

For the appellee, *Robert S. Terhune.*

The opinion of the court was delivered by

GARRISON, J. This was a suit to recover $50 commission for the sale of the defendant's real estate. The case was tried before the court without a jury, and resulted in a judgment of nonsuit at the close of the plaintiff's case.

The following are the facts of the case as found by the trial court:

The plaintiff, who is a real estate broker, was orally empowered by the defendant to sell a parcel of real estate owned by her. The plaintiff found a purchaser for the premises, introduced him to the defendant, and a written agreement for the sale and conveyance of the land was thereupon made between defendant and the purchaser.

After that agreement was executed, but at the same session, plaintiff demanded payment of a commission at the rate of two and one-half per cent. on the purchase price of $2,950. Defendant objected to the payment of such a large commission and agreed to pay $50.

Plaintiff then drew up and defendant signed a written agreement as follows:

"I agree to pay Charles Bagnole fifty dollars ($50) for commission for the sale of my property at No. 36 Stone St. on or before July 1, 1907. Bridget Madden."

The plaintiff was nonsuited upon the ground, *inter alia,* that he made the sale without written authority in which the rate of commission was stated, and also on the ground that the writing executed after the sale lacked consideration.

In the case of *Stout* v. *Humphrey,* 40 *Vroom* 436, it was declared to be the policy of the statute of frauds that "in the absence of a written contract there shall be an absence of right to compensation for services, and that where there is no written contract a subsequent express promise to pay for the services is entirely devoid of consideration." In view of this language of the Court of Errors and Appeals it is fruitless to re-examine the interesting question presented by the case in hand.

The case before us falls within the terms of the decided case;

if any modification of the early decision is to be made it must be by the court that pronounced it.

The judgment of the Second District Court of Newark is affirmed.