ADLER *v.* KATUS.

Vendor and Purchaser—Breach of Contract—Void Agreement
—Parties.

Under a written contract of sale of real property signed
by one joint owner in his own name and as agent for and
in behalf of his co-owner, who, however, had never au-
thorized the execution of the contract, the vendee could
recover back what he had paid on the contract of pur-
chase, and the refusal of the buyer to accept a writing in
accordance with the receipt or memorandum containing
the terms was justified. The contract was not binding on
one of the parties who purported to execute it, and, being
void as to him, was unenforceable, unless it could be de-
termined from the provisions that the other in executing
it intended to obligate himself to convey a good title at
his peril, or unless it was of a severable character.

Error to Wayne; Hosmer, J. Submitted October
15, 1915. (Docket No. 102.) Decided January 3,
1916.

Assumpsit in justice's court by Hyman Adler
against Peter Katus and another for money had and
received. A judgment for defendants was reviewed
in the circuit court on certiorari. Judgment for de-
fendants. Plaintiff brings error. Reversed.

*Beckenstein & Wienner* and *Jasper C. Gates* (*Mau-
rice Sugar*, of counsel), for appellant.

*William E. Henze*, for appellees.

This action was begun in justice's court, where the
defendants had judgment. It was then taken to the
circuit court on certiorari, where the judgment ren-

dered by the justice was affirmed. The return made by the justice to the circuit court shows that:

"On the trial of said cause, the defendant Peter Katus, a witness sworn on the part of the plaintiff under the statute, and the only witness to testify, testified that the plaintiff entered into an agreement for the purchase of a parcel of real estate which was owned by Peter Katus and Charles J. Katus as joint owners. This agreement was in the words and figures as follows, to wit:

" 'Received from Hyman Adler the sum of five hundred ($500.00) dollars to apply on the purchase money to the amount of twelve thousand five hundred dollars for the following described property, to wit: Lot numbered eighty-nine (89), plat of part of P. C. 181, north of Jefferson avenue, Antoine Rivard farm, subdivided into lots 1841, said lot being situate on the northwest corner of Macomb and Rivard streets, having a frontage of fifty feet on Macomb street and one hundred five (105) feet along the west line of Rivard street to a public alley; the remainder of the purchase money to amount to twelve thousand dollars to be paid as follows: Two thousand ($2,000) dollars upon delivery of property by land contract and a certified abstract of title for examination on or before September 1, 1914, provided papers are completed by that date, and the remaining ten thousand dollars in quarterly payments of two hundred fifty ($250) dollars or more, payments to include principal and interest at the rate of six per cent. per annum.

" 'In addition thereto, the purchaser agrees to discharge, when due, all taxes and assessments and to keep property fully covered by insurance in amounts approved by the seller, said policies to be held by the seller in escrow until such time as the property has been fully paid for.

" 'It is understood that the purchaser is to draw all rents from and after date of land contract when the two thousand dollar payment has been made.

" 'PETER KATUS,
" 'CHARLES J. KATUS,
" 'By PETER KATUS.

" 'I do hereby agree to purchase the property above described and on the terms and conditions herein set forth.

" ' H. ADLER.

" 'Aug. 15, 1915.     Detroit, Michigan.

"This agreement was signed by Peter Katus, who also affixed the signature of the said Charles J. Katus in the absence of the said Charles J. Katus. Said Peter Katus had no written authority from said Charles J. Katus to sell this property nor to execute contracts for the sale of real estate in his name. Plaintiff paid down, at the execution of this agreement, the sum of $500. About a month later a land contract for the sale and purchase of the premises described in the agreement was tendered to the plaintiff, bearing the signatures of both Peter Katus and Charles J. Katus. The plaintiff refused to accept this contract."

The foregoing was all the evidence given upon the trial. The plaintiff insists that the contract is void under the statute of frauds, and that he is entitled to recover the money paid to defendants, as paid without consideration; while the defendants argue that the contract is binding upon Peter Katus, at all events, and that it should be treated as if it had not been executed on behalf of Charles J. Katus at all.

PERSON, J. (*after stating the facts*). If a promise to convey the land is to be implied from this memorandum, it is a promise which purports to have been made by Peter Katus and Charles J. Katus, jointly, and not by Peter Katus alone. It acknowledges the receipt of the money by both, and implies a joint conveyance, if any. Peter Katus does not agree to procure a conveyance from Charles, but the import of the writing is that Charles himself agrees to convey his interest. Should we construe this as a contract by Peter alone, as vendor, we would be making for the parties a contract they never made for themselves. So far as the memorandum shows, the plaintiff did not intend one which could not be specifically performed without the subsequent consent of Charles, nor did Peter intend to make one by which he bound himself,

at his peril, to obtain a conveyance from Charles. The agreement being void as to Charles, and not severable, is entirely void. This case is ruled by *Kooman* v. *De Jonge,* 186 Mich. 292 (152 N. W. 1016).

The contract being void, inasmuch as the memorandum was not signed by Charles, nor by any one authorized in writing to sign for him, plaintiff was not bound to accept the written draft when subsequently signed by both Charles and Peter. *Dickinson* v. *Wright,* 56 Mich. 42 (22 N. W. 312) ; *Scott* v. *Bush,* 26 Mich. 418 (12 Am. Rep. 311) ; *Kelsey* v. *McDonald,* 76 Mich. 188 (42 N. W. 1103) ; *Ducett* v. *Wolf,* 81 Mich. 311 (45 N. W. 829) ; *Krool* v. *Match Co.,* 113 Mich. 196 (71 N. W. 630).

The judgment is reversed, and a new trial granted.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.