### BAGAEFF *v.* PROKOPIK.

1. BILLS AND NOTES—PRIMA FACIE VALID—ADMISSION OF CONSIDERATION.

    By the execution of a promissory note, *prima facie* legal and valid, defendant admitted that his promise to pay was supported by a legal consideration.

2. SAME—MORAL OBLIGATION—CONSIDERATION.

    When a promise is made to pay a debt at one time legal and enforceable, but barred by a statute, the moral obligation to pay will support the subsequent promise.

3. SAME—SALE OF REAL ESTATE—ORAL PROMISE TO PAY—CONSIDERATION.

    A promissory note given in settlement of a commission which defendant orally promised to pay plaintiff for his services in effecting an exchange of real estate is valid, although the statute (3 Comp. Laws 1915, § 11981) provides that "every agreement, promise, or contract to pay any commission for or upon the sale of any interest in real estate" shall be void unless the same or some memorandum thereof be in writing, since the moral obligation resting upon defendant to pay for the pecuniary benefit received will constitute a sufficient consideration for the making of the note.

---

On necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see note in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

On power of legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see note in 33 L. R. A. (N. S.) 973.

Error to Wayne; Hosmer (George S.), J. Submitted October 12, 1920. (Docket No. 74.) Decided December 21, 1920.

Assumpsit in justice's court by John Bagaeff against Michael Prokopik on a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Crandell & Tinkham,* for appellant.

*C. H. & G. M. Lehman,* for appellee.

SHARPE, J. The plaintiff sued upon a promissory note for $500, dated July 26, 1919, executed by defendant and due in 60 days after date. The defendant, having given notice thereof with his plea, established the fact that the note was given in settlement of a commission which defendant had orally promised to pay plaintiff for his services in effecting an exchange of certain real estate belonging to defendant. A verdict was directed for plaintiff. From the judgment entered thereon, the defendant appeals.

There is nothing upon the face of the note which in any way impugns its validity. *Prima facie* it is legal and valid. By its execution defendant admitted that his promise to pay was supported by a legal consideration. *Farnsworth* v. *Fraser,* 137 Mich. 296. The question presented is thus stated by defendant's counsel:

"The only question presented for consideration by the record is whether assumpsit can be maintained upon a promissory note as between the maker and the payee, the consideration for the giving of which is an oral agreement to pay a commission for the sale or exchange of an interest in real estate."

Section 11981, 3 Comp. Laws 1915, provides that—

, "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate"—

shall be void unless the same or some memorandum thereof be in writing. The defendant relies on the many decisions of this court, wherein it has been held that a contract void under the statute of frauds is a mere nullity. *Hall* v. *Soule*, 11 Mich. 494; *Scott* v. *Bush*, 26 Mich. 418 (12 Am. Rep. 311); *Lemon* v. *Randall*, 124 Mich. 687; *Rodgers* v. *Lamb's Estate*, 137 Mich. 241. He also calls attention to the following language in *Liddle* v. *Needham*, 39 Mich. 147 (33 Am. Rep. 359):

"In order to make one promise a valid and binding consideration for another, it must itself be valid and binding,"

and cites many decisions in which this case has been referred to with approval. *Ducett* v. *Wolf*, 81 Mich. 311; *Kroll* v. *Diamond Match Co.*, 113 Mich. 196; *Bristol* v. *Sutton*, 115 Mich. 365.

More clearly stated, the question as presented in this record is whether, in view of the pecuniary benefit received by defendant, any such moral obligation rested upon him to pay plaintiff as will constitute a sufficient consideration for the making of the note. The great weight of authority sustains the rule that when the promise is made to pay a debt at one time legal and enforceable, but barred by a statute, the moral obligation to pay will support the subsequent promise. In *Edwards* v. *Nelson*, 51 Mich. 121, it appeared that the note sued upon was given by a bankrupt, after his discharge, to pay the balance of an account compromised in the bankruptcy proceeding. In affirming a judgment on the note, this court said:

"We know of no law which prevents a man from voluntarily paying his honest debts, or securing the payment thereof, if he desires, although the right of

creditors to enforce payment may by the law be suspended; and this moral obligation to pay has always been held a good consideration to support a written contract for payment in a case like the present."

See, also, *Craig* v. *Seitz*, 63 Mich. 727.

By statute (3 Comp. Laws 1915, § 12331) a debt barred by the statute of limitations may only be enforced when a written acknowledgment or promise to pay the same is given.

A distinction is drawn by some courts between the moral obligation which will support a promise to pay a debt at one time enforceable and such obligation to support a promise to pay a claim arising out of an agreement declared void by statute. We believe no such distinction should exist when a substantial pecuniary benefit has accrued to the promisor and the agreement, under which the oral promise to pay was made, was not forbidden as unlawful because of the moral turpitude involved therein. The facts here clearly show that under an oral agreement plaintiff rendered services for defendant, on account of which he received substantial pecuniary benefit. Plaintiff would have been unable to collect therefor because such agreement is declared by our statute to be void. Defendant would have but acted the part of an honest man had he paid plaintiff. While under no legal duty, we believe it may well be said that a moral obligation rested on him to do so and that such moral obligation is sufficient in law to constitute a valid consideration for his subsequent express promise in writing to do so. The void agreement left the parties as though no agreement had been made. It was a *nudum pactum,* but the defendant, though presumably so advised, in recognition of the service rendered and of the pecuniary benefit he had received therefrom, says, in effect, to plaintiff, "You have performed a valuable service for me. I am not legally bound to pay you therefor,

but I will do so. I have not the money in hand, but will give you my note therefor, due in 60 days." Had he paid the money, it is clear that he could not have recovered it. We are of the opinion that this defense cannot now be interposed by him to defeat the collection of the note. We can see no distinction between the legal effect which should be given to such a moral obligation and one arising out of a promise to pay a debt barred by statute. There is no legal obligation to pay the latter, nor one from which a party is relieved by a discharge in bankruptcy. It is only a man's sense of honor which prompts him to promise to pay that which he once owed but which he is not then liable to pay. The purpose of the statute was to prevent frauds and perjuries. It was designed to prevent disputes as to what the oral contract, sought to be enforced, was. *Kelsey* v. *McDonald,* 76 Mich. 188. While some courts hold contracts under such a statute to be merely non-enforceable (*Mohr* v. *Rickgauer,* 82 Neb. 398 [117 N. W. 950, 26 L. R. A. (N. S.) 533]), we can see no reason why, if they be treated as void, as the statute declares them to be, the moral obligation arising therefrom, when pecuniary benefit has accrued to the promisor, should not support a subsequent written promise to pay the amount earned by the promisee thereunder. The defendant has enjoyed the benefit of the service rendered. He afterwards, and contemporaneous with the closing of the transaction, saw fit to obligate himself to pay for such service. We conclude that he should be bound by such obligation to the same extent as if there had been a legal obligation antecedent thereto.

In 25 R. C. L. pp. 440, 441, the question is discussed at some length. It is said:

"It has been held that while an oral promise is unenforceable so long as it remains in parol, it constitutes a sufficient consideration to support a note given

in payment of the commission. This latter would seem to be the better view and is in consonance with the general rule that the memorandum of a contract required to be in writing need not be made at the time the contract is entered into."

Among the cases cited is *Muir* v. *Kane*, 55 Wash. 131 (104 Pac. 153, 26 L. R. A. [N. S.] 519, 19 Ann. Cas. 1180). The facts in that case were substantially the same as here. The claim arose out of an oral agreement to pay a commission on the sale of real estate, declared void by the statute of that State, and which the defendant had afterwards promised in writing to pay. The court said:

"It is clear that this writing was not intended as an agreement authorizing the respondent to sell the real property mentioned. In fact, it was executed after that service had been performed, and is an agreement in writing to pay a fixed sum for a past service, not a service to be performed in the future."

After stating the distinction sought to be drawn between obligations resting on contracts in which the right of recovery had lapsed by reason of a statute and those arising out of contracts declared void, the court said:

"It has seemed to us that this distinction is not sound. The moral obligation to pay for services rendered as a broker in selling real estate under an oral contract, where the statute requires such contract to be in writing, is just as binding as is the moral obligation to pay a debt that has become barred by the statute of limitations; and there is no reason for holding that the latter will support a new promise to pay while the former will not."

The opinion in *Ferguson* v. *Harris*, 39 S. C. 323 (17 S. E. 782, 39 Am. St. Rep. 731), discussing the distinction claimed, is quoted from, with approval, as follows:

"In the one case the legal obligation is gone as ef-

fectually as if it had never existed; and I am at a loss to perceive any sound distinction in principle between the two cases. In both cases, at the time the promise sought to be enforced is made, there is nothing whatever to support it except the moral obligation; and why the fact that, because in the one case there was once a legal obligation, which, having utterly disappeared, is as if it had never existed, should affect the question, I am at a loss to conceive. If in the one case the moral obligation, which alone remains, is sufficient to afford a valid consideration for the promise, I cannot see why the same obligation should not have the same effect in the other."

Attention is also called to the following language in *Anderson* v. *Best,* 176 Pa. 498 (35 Atl. 194) :

"The distinction sought to be made between considerations formerly good, but now barred by statute, and those barred by statute in the first instance, is not sub-. stantial, and is not sustained by the cases."

We are not unmindful that in 13 C. J. p. 358, it is said:

"A moral obligation which has at no time been a legal duty will not, according to the great weight of authority, afford a consideration for a promise."

Many cases are cited to support this rule of law, among them being *Stout* v. *Humphrey,* 69 N. J. Law, 436 (55 Atl. 281), and *Bagnole* v. *Madden,* 76 N. J. Law, 255 (69 Atl. 967), two cases which defendant strongly relies on. These are considered in *Muir* v. *Kane, supra,* and the reason for disapproving them so clearly pointed out that we refrain from discussing them.

The judgment appealed from is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.