ELBINGER, Respondent, vs. CAPITOL & TEUTONIA COMPANY, Appellant.

*April 5—May 10, 1932.*

For the appellant there was a brief by *Wengert & Moeller,* attorneys, and *Alfred H. Handrich* of counsel, all of Milwaukee, and oral argument by *Eugene L. Wengert.*

For the respondent there was a brief by *Gold & McCann,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

OWEN, J.   The plaintiff is a licensed real-estate broker. Pursuant to an oral understanding between the defendant Capitol & Teutonia Company, the plaintiff, Karl Elbinger, and his associate, Herbert Baer, said Elbinger and Baer negotiated a lease of certain premises owned by the defendant.   These services were not rendered pursuant to a written contract, as required by sec. 240.10, Stats., and it is conceded that an action by the brokers could not have been maintained to recover the value of the brokerage services.   However, after the transaction was consummated, the defendant voluntarily settled with the brokers, paying them $200 in cash and giving to each of them its promissory note in the sum of $146.   This action is brought to recover on the promissory note given by the defendant to the plaintiff, and the defense is that there was no consideration for the note and it is void. The contention is that as the brokers could not have recovered on their original contract because it was not in writing as required by the provisions of sec. 240.10, the voluntary promise to pay, made after the services were performed, is without any consideration and unenforceable.

The plaintiff contends that he rendered valuable services to the defendant of which it enjoyed the benefit, and that, while he could not have recovered on the original contract because declared void by statute, nevertheless the fact that he rendered services of value to the defendant, which services were not against public policy, in a transaction not involving moral turpitude, a moral obligation arose on the part of the defendant to pay therefor, which obligation constituted a good consideration for the subsequent and independent promise of the defendant to pay.   We recently had under consideration the question of what constitutes a good

consideration to support a contract in *Park Falls State Bank v. Fordyce,* 206 Wis. 628, 238 N. W. 516. We there repudiated, as too narrow, the principle obtaining in some jurisdictions that in order for a moral consideration to be sufficient to support an executory promise there must have been a pre-existing legal obligation to do the thing promised, which, for some reason, as the statute of limitations, discharge in bankruptcy, or the like, is unenforceable. We there said that "one ought, in morals, to make return for things of value not intended as a gift that he has accepted, and he ought in morals to do what he knowingly and advisedly gave one acting for his benefit and to his own hurt to understand he would do." We there held that whenever the promisor has originally received value, material pecuniary benefit, under circumstances giving rise to a moral obligation on his part to pay for that which he has received, it is a sufficient consideration to support a promise on his part to pay therefor. The mere fact that a statute enacted for the benefit of the promisor prevents legal liability on his part does not deprive him of the power by a subsequent promise to assume a legal obligation to do that which an honest man should do where no moral turpitude is involved in the transaction.

Sec. 240.10, Stats., was enacted to curb the tendency of real-estate brokers to impose upon their clients and to prevent frauds and perjuries of which such transactions seemed to afford a prolific source. If a real-estate broker would recover his commission upon his original contract, the contract must be in compliance with sec. 240.10. However, that section has accomplished its purpose when it relieves the owner of legal liability under a contract resting in parol. When the contract is completed, when the services of which the owner has received the benefit have been performed, he is at liberty to say how much he will pay the broker for those services. He may pay him therefor in cash and, when he does so, such payment may not be recovered by him. He

may settle with his promissory note, and when he does so at a time when he is dealing at arms' length, at a time when he knows what he has received, the moral consideration resting upon him to pay for that which he has received is a sufficient consideration to support his promise to pay. This is all in accordance with the law as laid down by this court in *Park Falls State Bank v. Fordyce, supra.* It is also in accordance with many decisions from other jurisdictions involving identical transactions under a similar statute. *Bagaeff v. Prokopik,* 212 Mich. 265, 180 N. W. 427; *Mohr v. Rickgauer,* 82 Neb. 398, 117 N. W. 950; *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153; *Coulter v. Howard,* 203 Cal. 17, 262 Pac. 751. These cases all hold that the promise of an owner made after the services have been rendered is sufficient to constitute a legal obligation on his part to pay the broker for his services even though the original contract was not in accordance with the statute and did not give rise to a legal enforceable obligation on the part of the owner. *Bagnole v. Madden,* 76 N. J. L. 255, 69 Atl. 967, is the only case called to our attention to the contrary.

*By the Court.*—Judgment affirmed.