GARVEY and another, Respondents, vs. WENZEL, Appellant.

*March 9—April 3, 1956.*

For the appellant there was a brief and oral argument by *Joseph Witmer* of Appleton.

For the respondents there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *Franklin L. Nehs.*

FAIRCHILD, C. J.  In entering into the alleged contract, the respondents ignored the requirements laid down by the legislature in sec. 240.10, Stats.  The action is one to recover a real-estate broker's commission for services rendered in negotiating a lease.  There was no written agreement between the parties providing for payment of such commission pursuant to sec. 240.10, which provides:

"Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid, and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

Respondents do not sue on the original contract, which is within such statute of frauds and therefore void.  The suit is based wholly on a verbal promise to pay made subsequent to the performance of the services rendered, and upon the

written acknowledgment set forth in the above statement of facts.

Sec. 240.10, Stats., was enacted to curb the tendency of real-estate brokers to impose upon their clients and to prevent frauds and injuries of which such transactions seemed to afford a prolific source. The objectives sought to be accomplished by the provisions of sec. 240.10 would be entirely vitiated if a verbal promise made after performance of services were sufficient to take the contract out from under the provisions of the statute.

The respondents rely on the case of *Elbinger v. Capitol & Teutonia Co.* 208 Wis. 163, 242 N. W. 568. However, that case involved a promissory note (not present in the instant case), and it was held that the past services of the plaintiff broker were sufficient consideration for the note, and that the note stood in the same category as payment for such services in cash. The defendant there delivered his written promissory note, and there arose a new and independent contract, enforceable because supported by a good consideration, *i. e.,* the actual pecuniary benefit received by the promisor pursuant to the void commission contract, accepted and retained by the promisor.

In the instant case, by reason of the failure upon the part of the brokers to protect themselves by a written agreement pursuant to sec. 240.10, Stats., they left themselves without any legal right to exact payment for their services; and they are therefore without any remedy against appellant. There was no new and independent contract because there was no written promise to pay. Even if the writing had contained a promise to pay, it would be insufficient to constitute a binding contract unless (1) it incorporated all the terms required to be included by sec. 240.10; or (2) unless the writing could be construed as a promissory note. The lack of a valid contract between the parties leaves the plaintiffs without a cause of action. Further discussion is unnecessary.

610

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the judgment and dismiss the complaint.

MARTIN, BROWN, and STEINLE, JJ., dissent.