BAKER *v.* GLANDER

1. DEEDS—ACCEPTANCE.

> The grantees of a deed did not accept it, although the grantors intended to deliver it, where there was a preliminary agreement that the grantee would pay the entire purchase price, $7,000, to buy 120 acres from a third party, and in return would get the east half and a promise by the grantor either to pay $3,500 or to "work it off", the grantor took a quitclaim deed of the grantee's half to the grantee's house, the grantee questioned the fact that the consideration recited in the deed was $7,000 but that there was nothing in writing to show the grantor's debt to him of $3,500, and arranged for his lawyer to draw a promissory note the next day, the grantee then drew a check for $7,000 and signed it but left the payee blank, and the grantor promised to come back the next day and tell the grantee the name of the payee and left the check and deed with the grantee.

2. VENDOR AND PURCHASER—STATUTE OF FRAUDS—TENDER OF DEED.

> The tender of a deed, pursuant to a written offer, does not, with or without a prior oral acceptance, complete a contract for the sale of land in compliance with the statute of frauds (MCLA § 566.101 *et seq.*).

3. FRAUDS, STATUTE OF—MEMORANDUM—SUFFICIENCY—DEEDS.

> A deed which does not conform to the prior oral agreement of the parties is not a memorandum sufficient to meet the requirements of the statute of frauds (MCLA § 566.101 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Deeds §§ 77, 127, 128.
[2, 3] 23 Am Jur 2d, Deeds §§ 23, 313.
[3] 49 Am Jur, Statute of Frauds § 358.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 March 3, 1971, at Lansing. (Docket No. 9648.)   Decided April 1, 1971.

Complaint by Joseph Baker and Ruth E. Baker against John Glander, Joy Glander, and R. L. Campbell for reformation of a deed or damages. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*O'Hara & Pierce,* for plaintiffs.

*Bruce W. Franklin, P. C.* (by *Donald L. Petrulis*), for defendants Glander.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. The plaintiffs sought reformation of a quitclaim deed or, alternatively, damages. The trial court granted the defendants' motion for accelerated judgment on the basis that no verbal agreement was completed, and the deed did not comply with the statute of frauds, MCLA § 566.101 *et seq.* (Stat Ann 1970 Rev § 26.901 *et seq.*). Plaintiffs appeal as of right to this Court.

There were preliminary discussions between Mr. Baker and Mr. Glander regarding the purchase from an estate of 120 acres in Antrim County. They agreed that Mr. Baker would pay the total purchase price of $7,000 and that he would get in return the east 60 acres, valued by the parties at $3,500, and a promise from Mr. Glander to either pay Mr. Baker $3,500 or to "work it off".

On Thursday evening, December 18, 1969, the Glanders took a quitclaim deed drafted by their lawyer and went to the Bakers' house. The deed was

for the east 60 acres of the parcel involved, but the
consideration stated was $7,000. Mrs. Baker ques-
tioned the fact that there was nothing in writing to
show that the Glanders owed them $3,500, and Mr.
Baker called his attorney and asked him to draft
a promissory note the next day. Mrs. Baker wrote
out a check for $7,000 and signed it. However, when
the Glanders didn't know what the executrix's name
was, they left the payee blank and kept the check.
It was understood that Mrs. Glander would stop by
the next day and tell her the name to write in. The
deed was left with the Bakers.

About 9 a.m. Friday, December 19, 1969, Mrs.
Glander went to the plaintiffs' house to tell them
the executrix's name. Mrs. Baker had gone to the
grocery store and when Mr. Baker, not realizing that
his wife had already signed the check, told Mrs.
Glander this, she said she had a doctor's appoint-
ment and had to leave but would come back later
that day to pick it up. She did not return.

Mr. Baker then went to his attorney's office to get
the promissory note. After some discussion, his at-
torney drafted a warranty deed and a land contract
which Mr. Baker took to the Glanders that evening.
Mr. Glander refused to look at them and told Mr.
Baker he'd have to deal through his attorney. Four
days later Mr. Glander called Mr. Baker and told
him the deal was off because he had found another
guy who would give him a thousand dollars more.
Mr. Campbell was the new purchaser. This lawsuit
followed.

We agree with the trial judge that these facts do
not show a meeting of the minds of the parties on
the verbal agreement. While the Glanders apparent-
ly intended to deliver the deed on December 18, 1969,
the facts do not show an acceptance of it. Accord-

ing to *Kroll* v. *Diamond Match Co.* (1897), 113 Mich 196, the tender of a deed, pursuant to a written offer, does not, with or without a prior oral acceptance, complete a contract for the sale of land complying with the statute of frauds. No consideration was paid, nor was the check ever actually tendered.

Assuming an oral agreement did exist, it is admitted by the plaintiffs that the deed did not conform to it. A deed which does not conform to an oral agreement is not a sufficient memorandum to avoid the statute of frauds. *Kelsey* v. *McDonald* (1889), 76 Mich 188. Under GCR 1963, 116.1(5) and the decision in the *Kelsey* case, the trial court properly dismissed the case.

Affirmed. Costs to appellees.