### George P. Moore v. The Capewell Horse Nail Company.

*Statute of frauds—Contract of employment—Evidence.*

1. In a suit for work and labor performed under a contract void under the statute of frauds, evidence of the terms of the contract, as claimed by the plaintiff, is admissible to show the value of plaintiff's services as agreed upon by the parties.
2. Testimony tending to show the market value of plaintiff's services rendered under a contract void under the statute of frauds, the contract price being in dispute, is admissible under the *quantum meruit*.

Error to Wayne. (Hosmer, J.) Argued June 21, 1889. Decided October 18, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion. ·

*D. F. Glidden,* for appellant.

*Conely, Maybury & Lucking,* for plaintiff.

SHERWOOD, C. J.    This suit is. *assumpsit* to recover for labor and services of the plaintiff rendered for the defendant, and, as the plaintiff claims, under a contract he made with the defendant for one year on or about the fifteenth day of March, 1887, the year to commence the thirtieth day of that month, and plaintiff was to have $75 per month or more, in the discretion of defendant's agent, and plaintiff claims that he was discharged by defendant on the seventh day of November following.    Plaintiff further claimed that there was a balance due him of $181.64 at that time.

It was the contention of defendant's counsel that the agent, a Mr. Bullis, who was manager of defendant corporation, employed him, and that, by the agreement, he was to serve the defendant at $60 per month for such length of time only as Mr. Bullis might desire to retain him, and that plaintiff was discharged on the seventh day of October, 1887, instead of November, as claimed by plaintiff.    This suit was commenced and trial had in justice's court, where the plaintiff recovered.    On appeal, it was tried in the Wayne circuit, before Judge Hosmer, by jury, and the plaintiff again prevailed.

The defendant asks for a review on error to this Court.

Two errors are assigned upon the rulings of the judge in taking the testimony, and three refer to the charge of the court.

The first exception relates to the proof offered to show the contract as claimed by the plaintiff, and to the refusal of the court to strike it out on defendant's motion.    The ground of

the motion was that the contract was void by the statute of frauds.   Certainly there could be no objection to making the proof for the purpose of showing the value of the plaintiff's services as agreed upon between the parties, and the ruling was correct.

The second exception is to the ruling of the court admitting the testimony offered by plaintiff for the purpose of proving the value of the plaintiff's services actually rendered while in the employment of the defendant as a salesman, under the *quantum meruit.*   We think the plaintiff was entitled to make this proof, if he was entitled to make any to support his claim, and he was entitled to offer all the different kinds of testimony competent for that purpose.

We have looked into the charge, and find no fault with it. The exceptions taken to it by the learned counsel for defendant are without merit.

No error appearing in the record presented, the judgment must be affirmed.

The other Justices concurred.