## STRUTZ *v.* BROWN.

1. PLEADING—BILL OF PARTICULARS—SUFFICIENCY.

 An objection to the sufficiency of a bill of particulars cannot be raised upon the trial, where no motion for a more specific bill was made, even though a further bill may have been demanded of the opposite party.

2. SAME.

 A bill of particulars claiming a given amount as a balance due for services rendered as bookkeeper between certain specified dates is sufficiently specific.

Error to Saginaw; Wilber, J. Submitted October 9, 1896. Decided November 17, 1896.

*Assumpsit* by Fred C. Strutz against Addison T. Brown upon certain promissory notes and for services rendered. From a judgment for plaintiff, defendant brings error. Affirmed.

*William H. Sweet,* for appellant.

*Weadock & Purcell,* for appellee.

LONG, C. J. This action was commenced in the circuit court by filing a declaration on the common counts, with a copy of two promissory notes set out under proper notice; also a further notice was given, as follows:

"That the following is a true copy of the particulars of plaintiff's demand under the common counts of said declaration, viz.:

"To balance due for services as bookkeeper from October 16, 1894, to December 26, 1894, $50.

"Interest on same,———."

This was signed by plaintiff's attorneys.

Defendant demanded a further bill of particulars, which was not furnished, and his default was entered for not

pleading. On motion this default was thereafter set aside by the court. No additional bill of particulars was filed. Defendant pleaded the general issue, with specific notice of his defense. He filed no bill of particulars of his claimed defense, and no such bill was asked, and no part of it recovered on the trial. No motion was made to the court for an order compelling plaintiff to file a more specific bill of particulars. The cause went to trial, and, the plaintiff being called as a witness in his own behalf, it was objected by counsel for defendant that the bill of particulars was not specific enough to admit any proof in support thereof. This was overruled, and upon such ruling is based the first claim of error.

Circuit Court Rule No. 38 provides:

"If the plaintiff shall unreasonably neglect to furnish a bill of particulars, or if the bill of particulars delivered be insufficient, the court may, in its discretion, nonsuit the plaintiff, allow further time to furnish it, or require a more particular bill to be delivered."

If the defendant desired a more specific bill of particulars, he should have moved the court for the same. Instead of doing this, he waited until the cause was brought on for trial, and then claimed that no testimony was admissible under the bill, because it was not sufficiently specific. The court properly overruled the objection. *Buckeye Tp.* v. *Clark*, 90 Mich. 432.

But the case need not be rested upon this ground alone. We think the bill of particulars was sufficiently specific, and that defendant could not have been taken by surprise on the trial, under the claim made by the bill. *Hamilton* v. *Ingham Circuit Judge*, 84 Mich. 398.

Some contention is made that the court below admitted certain testimony under defendant's objection, and that such testimony was incompetent, and prejudicial to the defendant's case. We need not set out the testimony here, or the point in the case to which it was directed, as

we are satisfied that it was very properly admitted, and that it would have been error, under the circumstances, to exclude it.

We find no error in the case, and the judgment must be affirmed.

The other Justices concurred.