115  365
s119  694
119  696

BRISTOL *v.* SUTTON.

1. CONTRACTS—TIME OF PERFORMANCE—STATUTE OF FRAUDS.

   A verbal agreement by A. to pay a specified sum to B. if the latter will perform certain services for C., extending over a period of more than one year, is void under the statute of frauds.

2. SAME—ACCEPTANCE OF BENEFITS—IMPLIED PROMISE.

   In such case, the appropriation by C. of the benefits of the services, though rendered with the knowledge and approval of A., does not raise an implied promise on the part of A. to pay therefor.

Error to Calhoun; Daboll, J., presiding. Submitted October 5, 1897. Decided December 21, 1897.

Henry Bristol presented a claim against the estate of Smith H. Bristol, deceased, based upon a contract for services. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment there for claimant, Edward Sutton, the administrator of the estate, brings error. Reversed.

*T. E. Barkworth*, for appellant.

*Edwin H. Lyon*, for appellee.

HOOKER, J. The plaintiff's claim against the estate of his uncle was allowed in the circuit court upon the showing that he was emancipated when about 15 years of age, and that he then left home, and that a little later, at his uncle's request, he agreed with him that he would return, and remain with and assist his father upon the father's farm until he should attain his majority, and that his uncle promised to pay him $1,000 if he should do so, and that the plaintiff carried out the agreement. It is admitted that this contract was within the statute of frauds,

and it seems to be conceded that it would fall within the principle of *Whipple* v. *Parker*, 29 Mich. 369; *Cadman* v. *Markle*, 76 Mich. 448 (5 L. R. A. 707); *Moore* v. *Horse-Nail Co.*, 76 Mich. 606; *In re Williams' Estate*, 106 Mich. 490; and the more recent case of *Rhea* v. *Meyers' Estate*, 111 Mich. 140,—had the services been "for the defendant" instead of another. It is said that, if it is true that the claimant was emancipated, he may have a cause of action against his father, who received the benefit of his services, but not against the uncle, who did not.

The evidence shows that the services were rendered at the request of the uncle, and, but for the statute of frauds, the contract would have been a valid one, notwithstanding the fact that the work was to be done upon the farm of another. The law would not inquire whether, or in what manner, such services were of benefit to the uncle, but would treat the services as rendered "for the defendant," and compel him to pay for them, *because he had promised to do so.* But the promise was void, because not in writing, and, if a recovery is to be had, it must be upon a promise which is valid, either express or implied; and, as the only express promise is that mentioned, the case depends upon our ability to find an implied one to pay the value of the services rendered.

It appears that the claimant went to work at the request of his uncle. If it can also be found that his uncle appropriated the benefits of his labor, the law will authorize the inference of a promise to pay the value of the services. The only evidence upon the subject is, in substance, that the claimant went home, and worked for his father, and that the uncle knew the fact, and from time to time expressed his approval of his course and conduct. If this can be called an appropriation of the benefit of the services rendered, the recovery can be sustained, as this question was left to the jury.

In the case of *Liddle* v. *Needham*, 39 Mich. 147 (33 Am. Rep. 359), the plaintiff, Needham, promised to give to Liddle's son a deed of certain land, and, in considera-

tion of this promise, Liddle promised to give his note for $300. Needham gave the deed, but Liddle refused to give the note. Mr. Justice GRAVES, in his opinion, calls attention to the fact that the promise to give the note was based upon an executory promise to give the deed, and the contract was necessarily held void under the statute of frauds. Upon the right to recover under the common counts the court said:

"Is the case in any better shape to justify recovery under the common counts? The court think not. If there is any chance for contending for an actionable right in favor of any party under them, it must be by implying an undertaking from a proved acceptance of Needham's grant. The case leaves no basis for any other theory. The door is closed against the existence of any tenable express promise. And if we assume that no technical difficulties exist, and concede as true — what is strongly denied—that young Liddle actually accepted the deed as a conveyance, there being no pretense of acceptance through any other person, and still the case must fail. The undertaking to be implied would have to be imputed to the recipient of the grant, young Liddle, and not to his father, who, as to this matter, is to be regarded as a stranger. The unwritten bargain, being of no force to constitute a contract and create legal contract relations, cannot be resorted to as help in making out such a relation by implication. The only consequence of the attempt to imply a promise would, therefore, be to imply it as against a third person, and indirectly negative the making of any promise by the party charged."

This discussion seems to describe the situation here quite accurately, and there is force in the statement that the executory promise to pay was made in consideration of the executory promise to work, and that the acceptance of the services, and the benefits derived from them, was by the father, and not the uncle, and therefore, as counsel contends, could not be of any aid in establishing contract relations by implication. The only fact in this case that can, by any possibility, distinguish it from *Liddle* v. *Needham*, is the knowledge and approval of the performance of the services. We think that such knowledge and

approval do not justify an inference that the uncle received a benefit, and that the approval of the claimant's conduct is not a subsequent act, which can be said to have created an obligation to pay where it would not otherwise exist. The case of *Waldron* v. *Laird*, 65 Mich. 237, recognized the correctness of *Liddle* v. *Needham*, but is shown to be distinguishable from it. We think this case is ruled by *Liddle* v. *Needham*.

The order of the circuit court is reversed, and a new trial directed.

The other Justices concurred.