BRISTOL *v.* SUTTON.

1. CONTRACTS—STATUTE OF FRAUDS—ESTATES OF DECEDENTS.
   There can be no recovery against an estate upon an implied
   promise of decedent to pay for certain services, which, it
   appears, were rendered, not directly to decedent, but to his
   lessee, where the only evidence to show the lessor's liability
   relates to a contract void under the statute of frauds, and
   therefore inadmissible.

2. SAME—IMPLIED PROMISE—EVIDENCE.
   Evidence that claimant, under an agreement with his uncle, left
   other employment, and went to work on his uncle's farm,
   which was leased to claimant's father, and remained there

for four years, rendering services which substantially increased the value of the farm, is insufficient, in the absence of any showing that the services did not inure to the lessee's benefit, to raise an implied promise on the lessor's part to pay for such services.

Moore, J., dissenting.

Error to Calhoun; Smith, J. Submitted January 26, 1899. Decided April 18, 1899.

Henry Bristol presented a claim against the estate of Smith H. Bristol, deceased, for services rendered in decedent's lifetime. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for claimant, Edward Sutton, administrator of the estate, brings error. Reversed.

Upon the first trial of this cause, claimant recovered. The case was appealed to this court, and reversed. 115 Mich. 365. There is no essential difference between the present record and the former, except that upon the second trial the claimant amended his bill of particulars. On the first trial his claim was for "an amount agreed by decedent, for a good and valuable consideration, to be paid to claimant  *  *  *  when claimant became of age." In addition to this, the amended bill claims for services "in remaining at home with his father,  *  *  * and aiding and assisting him, and working upon and about the farm occupied by him and owned by decedent,  *  *  *  at the special instance and request of decedent in his lifetime, four years, which services were reasonably worth $250 a year." The decedent leased his farm to claimant's father, who occupied it as his home under the lease during the entire term for which claimant seeks to recover. Claimant again recovered verdict for $1,216.

*Thomas E. Barkworth*, for appellant.

*Edwin H. Lyon*, for appellee.

GRANT, C. J. (*after stating the facts*). The court was requested to direct a verdict for the estate. The refusal to do so is the only allegation of error which we need to discuss. If the contract, which by the former decision was held to be void under the statute of frauds, be eliminated from the record, there is no testimony whatever upon which to base the verdict. This testimony is defended upon the ground that it tended to show that "the services were not gratuitous, that there was a hiring, and the value of the services as agreed upon by the parties, so far as the contract would tend to show it;" in support of which counsel cites *Rhea* v. *Meyers' Estate*, 111 Mich. 140; *In re Williams' Estate*, 106 Mich. 490; *Moore* v. *Horse-Nail Co.*, 76 Mich. 606. Those cases have no application here. The defendants in them were to receive the direct benefits of the services rendered. This is a contract to pay for services in fact rendered for another. One of claimant's witnesses states the contract as follows: "He [the deceased] said to me that he had made arrangements with Henry Bristol to give him a thousand dollars, if he would stay with his father until he was 21." Claimant lived with his father, worked under him, and, to all appearances, stood in the same relation as any son living at home. There is nothing to show that the deceased expected any personal benefit from the arrangement. Testimony was introduced tending to show that the farm was worth more when claimant reached the age of 21 than it was when he commenced his work, and that this was due to the better condition of the farm, to which claimant, by his labor, contributed; but there is no testimony to show that this was a consideration for the contract, or that the father was not correspondingly benefited by his increase in the crops.

We think that the contract was inadmissible, and that there was not sufficient evidence upon which to base a verdict against the estate.

Judgment reversed, and new trial ordered.

HOOKER and LONG, JJ., concurred with GRANT, C. J.
MONTGOMERY, J., did not sit.

MOORE, J. (*dissenting*).  I cannot agree with the conclu-
sion reached by the Chief Justice.  The record discloses
that, when claimant was 15 years old, he was given his
time by his father.  He then went to work in a shingle mill
at Lowell; making the bargain himself, and collecting his
wages.  He then made arrangements to work in a meat
market at Lowell, but, before going to work, he made his
father a visit.  His father, who was in poor health, was
living upon a farm owned by Smith H. Bristol.  Mrs.
Bristol, the wife of claimant's father, was the stepmother
of the claimant.  The record is not very clear as to the
arrangement which existed, about working the farm,
between Smith H. Bristol and his brother.  The farm at
this time was badly run down.  Much of it was grown up
to weeds, the fences were out of repair, and the fence rows
filled with brush.  Nine acres of the land was fallow, and
had never been broken.  There was a swamp or swale
which was uncleared.  The owner of the farm agreed
with the claimant, if he would remain on the farm until he
was 21 years of age, that he would pay him $1,000.  The
claimant did not go to work in the meat shop at Lowell,
as he had agreed to do when he came to his father's upon
a visit, but went to work upon the farm, and remained.
there until he was 21 years old.  He cleared four acres of
the swale of willows and logs, plowed it, and put it into
crops; logged, stumped, and plowed the fallow; cleaned
out the fence rows; and rebuilt the fences.  As the result
of his work upon the farm, he increased its value, accord-
ing to the testimony, $1,000.  The title in fee to the farm
was shown to be in Smith H. Bristol.  The increased
value of the farm inured to his benefit.  Under the rule
laid down when the case was here before (115 Mich. 365),
I think the claimant was entitled to recover, and the judg-
ment should be affirmed.