BINGHAM *v.* COUNTY OF MONTCALM.

BAIL—"CASH"—INDORSED CERTIFICATE OF DEPOSIT IS CASH.

> Certificate of deposit indorsed by owner was properly received by justice of peace as "cash" bail under Act No. 175, Pub. Acts 1927, and, on accused's failure to appear for trial, was properly estreated; law presuming accused to be owner of certificate.

Case-made from Montcalm; Hawley (Royal A.), J. Submitted June 6, 1930. (Docket No. 57, Calendar No. 34,936.) Decided October 3, 1930.

Margaret Bingham presented her claim against the county of Montcalm, a municipal corporation, for recovery of a certificate of deposit used as bail. From disallowance of the claim, plaintiff appealed to the circuit court. Plaintiff reviews judgment for defendant by case-made. Affirmed.

*Rarden & Rarden,* for plaintiff.

*D. Hale Brake,* for defendant.

McDONALD, J.   This cause is here on case-made to review the judgment of the circuit court in Montcalm county denying the right of the plaintiff to a return of a certificate of deposit which she had given as cash bail on behalf of the defendant in *People* v. *Beck.* On February 8, 1928, complaint was made before John W. Nickerson, a justice of the peace in Montcalm county, charging Morris Beck with the illegal possession of intoxicating liquor. Arrest was

made on the warrant issued. On arraignment, the defendant demanded an examination, after which he was held to appear in the circuit court with bail fixed at $500. He signed a written recognizance in which it was recited that he had deposited with the justice $500 as cash bail. The $500 consisted of a certificate of deposit on the Greenville State Bank belonging to and indorsed by the plaintiff, Margaret Bingham. On the day set for trial in the circuit court, Beck did not appear. His bail was estreated and an order entered directing the justice of the peace to deliver the certificate to the county treasurer to be by him credited to the general fund of the county. On application to the board of supervisors, the plaintiff was denied the right to a return of the money represented by the certificate. She appealed to the circuit court. At the conclusion of the trial, findings of fact and of law were filed, on which judgment was entered against the plaintiff.

The principal claim is that the justice of the peace was without authority to accept a bank certificate of deposit in lieu of cash bail; that in accepting it he became a trustee of the certificate and its proceeds for the use and benefit of the plaintiff.

The statute known as the criminal code, Act No. 175, Pub. Acts 1927, authorizes the deposit of cash in lieu of bail. As stated by the trial court, the term "cash" is a term of broad and not restricted import. A certificate of deposit properly indorsed in blank, payable on presentation, is readily converted into cash, and is commonly treated as such in business transactions. In *Glines* v. *Bank,* 132 Mich. 638, it is said:

"Checks are deposited as cash, pass current as cash, the amount thereof paid out by the bank as cash, and the same check is often used to liquidate

several debts. Oftentimes the holder of a check obtains cash for it from a bank instead of depositing it.''

In the instant case, the certificate was payable on presentation and properly indorsed in blank. It was deposited with the justice in response to an order for cash bail. It was offered as cash and received by the justice as such. He could have cashed it immediately or at any time. It took the place of cash and was effective in securing the defendant's release. The law presumes this certificate to have been the property of the defendant, Beck. It was he who deposited it. Having done so and thereby secured his release, he cannot be heard to say that the justice had no right to accept it. The real owner is in no better position. She would not be entitled to a return of the certificate or its proceeds unless the bail were exonerated.

Under the circumstances in this case, there is no merit in her claim that the justice had no authority to accept the certificate as cash and that he is holding it as her trustee merely.

Other questions argued in the plaintiff's brief were not raised in the court below. In her written requests for findings of law, they were not included and were not there determined by the trial court. We cannot consider them.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.