VANDERHOEF *v.* PARKER BROTHERS COMPANY, LIMITED.

1. Assumpsit—Common Counts—Definite Value of Stock.

Recovery under the common counts may be had in action where claimed agreement on part of defendant was to pay employee in stock of partnership association which not only had a definite par value but a book value ascertainable as of date plaintiff claimed alleged transfer should have been made.

2. Pleading—Bill of Particulars.

Bill of particulars for alleged extra services of employee seeking compensation above wages received *held*, sufficiently specific where it was for reasonable value for' such services between certain years (Court Rule No. 20, § 1 [1931]).

3. APPEAL AND ERROR—PREJUDICIAL QUESTION.
    Mere interrogation of defendant "you learned about the statute
    of frauds, didn't you, when you studied law?" where statute
    of frauds was pleaded, *held*, prejudicial error although ques-
    tion was withdrawn.

4. MASTER AND SERVANT—EVIDENCE—COMMON COUNTS.
    Testimony of·reasonable value of alleged extra services by em-
    ployee for which additional compensation was sought *held*,
    properly received although weight was for determination of
    jury, where the common counts had been declared upon.

5. JOINT STOCK COMPANIES—WAIVER—STATUTES.
    Instruction that contracts with partnership association must be
    signed by at least two managers thereof was error, where such
    provision, designed for protection of individual members, was
    waived by course of dealing of member who owned all but
    two of 5,000 shares of capital stock (2 Comp. Laws 1929,
    § 9913).

6. SAME—QUANTUM MERUIT—INDIVIDUAL PARTNER'S LIABILITY.
    Recovery may not be had on a *quantum meruit* against a partner
    of a partnership association, individually, where, although he
    made promise sued on, it was for association and he received
    no direct benefit from performance of services rendered pur-
    suant thereto.

7. CONTRACTS—IMPLIED—EXPRESS—QUANTUM MERUIT.
    Generally, there is no room for a recovery on *quantum meruit*
    under an implied contract theory where there is a dispute as to
    the terms of a claimed express contract.

8. FRAUDS, STATUTE OF—COMMON COUNTS—CONDITIONS OF RECOVERY.
    When the terms of an express contract are in dispute and it is
    unenforceable because of the statute of frauds, a recovery may
    be had under the common counts on the theory and under the
    condition that jury determine the alleged contract was made
    as alleged, that the contract has been fully executed by one
    party and the other has received the benefits (3 Comp. Laws
    1929, § 13417).

9. WORK AND LABOR—INSTRUCTION AS TO EXPRESS CONTRACT.
    Instruction to jury to "eliminate any consideration of the al-
    leged contract in this case" in trial of case where *quantum
    meruit* claim was allowed to be considered by them *held*, error,
    since it may be helpful in estimating damages although re-
    covery under alleged contract could not be had.

10. Appeal and Error—Theory of Case.
    Theory of case not raised in either pleadings or in the testimony
        nor squarely presented to the jury or court during trial is not
        considered on appeal.

Appeal from Wayne; Callendar (Sherman D.), J., presiding. Submitted January 16, 1934. (Docket No. 125, Calendar No. 37,576.) Decided June 4, 1934.

Assumpsit by Leonard E. Vanderhoef against Parker Brothers Company, Limited, a partnership association, and Edward J. Tisdelle for personal services. From verdict and judgment for plaintiff against defendant Parker Brothers Company, Limited, it appeals. Reversed and new trial granted.

*Monaghan, Crowley, Reilley & Kellogg (Crawford A. Reilley* and *Edward T. Kelley,* of counsel), for plaintiff.

*Yerkes, Goddard & McClintock,* for defendant Parker Brothers Company, Limited.

Bushnell, J. Appellant, Parker Brothers Company, Ltd., is a partnership association organized under the statute (2 Comp. Laws 1929, § 9909 *et seq.*), and defendant Edward J. Tisdelle is its president and general manager, owning all but two of its 5,000 shares of capital stock. Plaintiff, a former employee of the defendant company, brought suit to recover the value of 50 shares of capital stock, having a par value of $5,000. He declared upon an oral contract, including a count against the company, one against Tisdelle individually, and another against the defendants jointly, to which were added the common counts. A bill of particulars was filed to supplement the common counts, setting up $10,000 as the ''reasonable value over and above' wages re-

ceived for services rendered as yard superintendent and for like services, 1920 to 1927.'' A credit was shown as of July 23, 1928, of $1,500, leaving a balance of $8,500.

Before submitting the case to the jury, the court dismissed the count seeking to hold Tisdelle individually and the other charging him jointly with the company. A judgment was entered against the company on the jury's verdict for $3,500. Defendant Parker Brothers Co., Ltd., appeals and plaintiff assigns error on which he relies for a new trial in the event of a reversal of the judgment. Court Rule No. 66, § 8 (1931).

Plaintiff was employed in 1916 by Parker Bros., Ltd., a former company whose charter expired in 1923, and claims that about 1920 Tisdelle told him he had borrowed some money to put into the business and that he said ''it was up to me to take off my coat and get busy and help make this company a success.'' It is alleged that he talked about plans for reorganizing and then promised to give the plaintiff stock in the new company, in addition to his salary. A little later, plaintiff claims, there was a definite agreement as to the amount of the stock, namely, $5,000 worth, and the former conversation was in substance repeated, with the additional understanding that the stock would be paid for out of profits and would be ready for distribution in about five years. At this time plaintiff's salary was $250 a month; two years later he asked for an increase and was given $25 more a month, and reminded by Tisdelle that he must not overlook the fact that he was to get about $1,000 a year in stock in addition to his salary. Another salary increase was given in 1925.

Plaintiff testified that he rendered services in addition to those he would ordinarily be required to

perform by reason of his regular duties, such as the handling of real estate and the collection of rents, and that he worked nights and Sundays with rare exceptions. He claims that, in 1926, it was agreed that since the profits for 1925 had not been satisfactory, another year's earnings would be necessary to pay for the stock. In 1927, when plaintiff again requested delivery, he was informed that, although the earnings were sufficient, it could not be done at that time because of tax complications. Tisdelle says this statement was made under a misapprehension of the facts. The amount of earnings required to make distribution possible is in dispute, plaintiff claiming that $100,000 was agreed upon as sufficient, while Tisdelle insists that a condition precedent was the accumulation of $500,000 in profits. There is conflicting testimony as to the nature of a payment of $1,500 made by check in 1926. This check, which was not produced at the trial, had upon it the words: "To apply on bonus." Plaintiff insists that in 1928, 1929 and 1930, he continued to request delivery of the stock, resulting in a disagreement between the parties and plaintiff's discharge after 15 years of service.

Defendant, though admitting conversation about a bonus, strongly contradicts plaintiff's claim that there was a definite promise supported by a consideration, and insists that, if there was a contract, it was one for salary only. It further contends that the $1,500, claimed to have been paid as a part of the alleged bonus, was only given plaintiff in order to put his mind at ease before he went into a hospital for a minor operation. It is insisted that plaintiff's right to receive any stock depended entirely upon the will and wish of defendant. The statute of frauds (3 Comp. Laws 1929, § 13417) was pleaded, as well as the fact that the alleged contract was

void because not in compliance with 2 Comp. Laws 1929, § 9913, Michigan partnership association limited act. Lack of consideration and the statute of limitations (3 Comp. Laws 1929, § 13976) were also raised as a defense.

The various errors assigned may be grouped for the sake of convenience.

## Pleadings.

1. Appellant contends that recovery cannot be had upon the common counts where the agreement is not one to pay money. If there was any agreement in this case, it was to pay in stock and not in cash. *Cook* v. *Dade*, 191 Mich. 561, is cited in support of this argument. In that case the plaintiff claimed a breach of contract arising out of an express agreement, between the parties, in which no money consideration was involved on either side. The wrong claimed by the plaintiff was defendant's failure to keep his express promise to permit plaintiff, a mail carrier, to use a pair of western ponies belonging to defendant, in exchange for feeding, caring for and breaking them in for use. We held that the common counts did not lie, but the special contract must be alleged, and distinguished the case of *Nugent* v. *Teachout*, 67 Mich. 571, where land exchanged in consideration of a promise to convey had been described as having a definite and fixed value.

In the case at bar the stock in dispute not only has a definite par value but it has a book value that can be ascertained as of the date on which plaintiff claims the transfer should have been made. The case of *Cook* v. *Dade, supra,* does not, therefore, control. See, also, *In re Clark's Estate,* 234 Mich. 471.

2. Defendant denied any obligation to answer the common counts because of plaintiff's failure to

file a bill of particulars as required by Court Rule No. 20, § 1 (1931). During the trial, upon objection raised to testimony as to the value of services, the court denied defendant's motion to strike the common counts and permitted plaintiff to file a bill of particulars forthwith. A subsequent motion to strike the bill of particulars as being indefinite and uncertain was denied. No error is claimed as to the time of filing, but the sufficiency of the bill of particulars is attacked. We held in *Strutz* v. *Brown*, 110 Mich. 687, that a bill of particulars containing the language: "To balance due for services as bookkeeper from October 16, 1894, to December 26, 1894, $50," was sufficiently specific.

### Proofs.

1. Defendant was questioned as to the extent of his legal education and although the question "You learned about the statute of frauds, didn't you, when you studied law?" was withdrawn, it could have only been intended to create an unfair inference in the minds of the jury. The question itself was prejudicial error, though the answer was not given. Witnesses are entitled to respectful consideration; and it is the duty of the court to see that they are protected from the insinuations and attacks of counsel.

2. It was not error to permit testimony by plaintiff and his witnesses as to the reasonable value of the services. Such proof was in support of plaintiff's claim. *Moore* v. *Capewell Horse Nail Co.*, 76 Mich. 606. The weight to be given such testimony is a matter to be determined by the jury.

### The Charge.

Appellant and appellee both allege errors in the court's charge to the jury. The jury was instructed that the contract in order to be valid and binding

had to be in writing and signed by at least two managers of the partnership association. 2 Comp. Laws 1929, § 9913. The business of defendant was not conducted by a board of managers. Tisdelle owned all of the stock except two shares, which stood in the names of other employees. The provisions of the statute, which are designed for the protection of the individual members of the partnership association, may be and were waived by reason of the association's course of dealing. Tisdelle had always acted alone and really was the company. See *Armstrong v. Stearns,* 156 Mich. 597, 608. In so holding, we do not consider the effect of the uniform limited partnership act, Act No. 110, Pub. Acts 1931, which was passed subsequent to the date at which this cause of action arose.

It was not error to charge the jury that no recovery could be had against defendant Edward J. Tisdelle, individually. If any promises were made by Tisdelle, they were for the defendant Parker Brothers Co., Ltd. Partnerships of this sort are created for the express purpose of limiting the individual liability of the partners. Recovery cannot be allowed on a *quantum meruit* against a person making a promise when he himself receives no direct benefit from the performance of the services requested. *Bristol v. Sutton,* 115 Mich. 365, same case, 119 Mich. 693.

The court, in its charge to the jury, said in part that the alleged contract relied upon by the plaintiff was "too vague and uncertain as to its terms to be possible of enforcement." The jury was further instructed that neither the statute of frauds nor the statute of limitations was material, but should the jury determine that additional services had been performed by plaintiff, for which he had not been compensated, he could recover the reasonable value

of such additional services. The basis for recovery was stated by the court in the following language:

"You will eliminate any consideration of the alleged contract in this case, because it has not been proved, and you will limit your considerations to the issue of whether, in the absence of a contract, there was a performance of services, accepted by the defendants, or one of them, and not heretofore compensated for. * * * You may take into consideration any additional services, at any time between the time alleged, from which it is alleged an agreement was made relative to services, to the year 1927."

Appellant contends that, where there is a dispute as to the terms of a claimed express contract, there is no room for a recovery on *quantum meruit* under an implied contract theory. This is true as a general proposition. *Shaw* v. *Armstrong,* 88 Mich. 311; *Swarthout* v. *Lucas,* 101 Mich. 609. We recently held in *Millar* v. *Macey Co.,* 263 Mich. 484, that:

"The law in this State seems to be well settled that where an express contract is entered into between parties, but they differ as to the terms thereof, and there is evidence tending to support the claim of each of them, it is for the jury to determine what the terms of the contract were, and there can be no recovery on the *quantum meruit.*"

There is, however, another rule of law that allows recovery on a *quantum meruit* theory where the plaintiff has performed services under an express agreement which is not enforceable because of the statute of frauds or some other statute that prevents recovery on the terms of the agreement itself. *Smith* v. *Chase & Baker Piano Manfg. Co.,* 185 Mich. 313. We held in *Moore* v. *Capewell Horse Nail Co., supra,* that there was no objection to permitting proof of the contract for the purpose of showing the value placed upon plaintiff's services by the parties.

See, also, *Cadman* v. *Markle,* 76 Mich. 448 (5 L. R. A. 707). A contract, though void under the statute, may be admissible if helpful in estimating damages. *Kutzner* v. *Stuart,* 215 Mich. 270.

A consideration of these two rules leads us to the conclusion that when the terms of an express contract, unenforceable because of the statute of frauds, are in dispute, a recovery can be had under the common counts on the theory and under the condition that the jury first determine: (1) that the contract alleged by plaintiff actually was made; and (2) that the terms were such as are alleged, and (3) that the contract has been fully executed by one party and the other has received the benefits. *Winchester* v. *Brown,* 264 Mich. 421.

The most serious error in the charge was that the court allowed the jury to consider the *quantum meruit* claim without permitting it to determine whether a contract was made, even though recovery could not be had under its provisions. The jury should not have been instructed to "eliminate any consideration of the alleged contract in this case." If the jury accepted this instruction, there was no proper basis on which to support a verdict under the rule hereinbefore stated.

The appellee advances on appeal the unilateral contract theory, not heretofore raised in the case either in the pleadings or in the testimony. We do not pass upon that question as it was not squarely presented to the jury or the court below. *Bingham* v. *County of Montcalm,* 251 Mich. 651.

Because of the errors stated, the judgment is reversed and a new trial granted, with costs to appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.