Merrimack,
No. 6077.

RAYMOND S. PERRY *& a.*

*v.*

GEORGE M. WEST *& a.*

June 30, 1970.

*Upton, Sanders & Upton* and *Ernest T. Smith, III* ( *Mr. Smith* orally ), for the plaintiffs.

*R. Peter Shapiro,* City Solicitor, orally, for George M. West, Tax Collector, William Gove, Mayor, and the City of Concord.

*Perkins & Dowst,* for Lockwood Realty and Lockwood-Young Corp., filed no brief.

*Orr & Reno* and *Richard B. Couser* ( *Mr. Couser* orally ), for Pasquale Alosa.

*Henry J. Love,* pro se, filed no brief.

*Reynold J. Addario,* pro se, filed no brief.

KENISON, C.J.   The issue in this case is whether a municipality can be compelled to accept a bid for property sold for taxes accompanied by a bank draft or a cashier's check when the municipal ordinance and the announced terms of the auction sale require the bid to be accompanied by " cash or certified check. " The facts are not in dispute and the issues have been competently argued and briefed by the parties.

Plaintiffs submitted the highest bid at an auction sale of certain property within the city of Concord conducted by George M. West, Tax Collector, as real estate agent for the city. The city had previously acquired the property by tax sale. The property was advertised for sale pursuant to the provisions of Chapter 2, Article 1 of the Municipal Code of Ordinances for the City of Concord. The advertisements appearing in the *Concord Daily Monitor* on October 29, October 31 and November 4, 1969, pursuant to  § 2.5 of the Code of Ordinances, required that all bids be accompanied " by cash or certified check in an amount

to at least 10% of the bid price. " Plaintiffs' high bid was accompanied by a bank draft of the New Hampshire Savings Bank drawn on the Mechanicks National Bank and payable to George West, Tax Collector. The second highest bid, submitted by Henry J. Love, was accompanied by a cashier's check of Concord National Bank payable to the city of Concord. The third highest bid was submitted by Pasquale Alosa and accompanied by United States currency. Lockwood Realty Company submitted the fourth highest bid accompanied by its check certified by the Mechanicks National Bank. The lowest bid, submitted by Reynold J. Addario, was accompanied by a cashier's check of Concord National Bank.

On the day of the auction, November 17, 1969, defendant West, on the advice of the City Solicitor, sent a letter to Alosa and the Perrys advising them that Alosa was the successful bidder. On November 19, 1969, the city executed a quitclaim deed to the property in favor of Alosa, which was never recorded. After a hearing on November 20, 1969, in Merrimack County Superior Court on the petition of the Perrys, the city was ordered to execute and deliver a deed to the Perrys. None of the other bidders was made a party at this hearing. On November 21 the city executed a quitclaim deed in favor of the Perrys which was delivered and recorded.

Alosa filed a petition to enter the action as party defendant which was granted. After a hearing on November 25, 1969, the court enjoined the Perrys from encumbering transferring or dealling with any rights of ownership in the property. The other bidders were subsequently added as parties. Defendants' exceptions to the granting of the petition of the Perrys have been reserved and transferred by *Loughlin*, J.

Plaintiffs contend that the bank draft submitted with their bid was " cash " within the modern usage of the term and therefore their bid complied with the terms of the auction. However, the cases cited in support of this proposition are distinguishable. Use of the term " cash " in the context of a will, *Thompson* v. *Thompson*, 149 Tex. 632, 236 S.W.2d 779; *Flower* v. *Dort*, 260 S.W.2d 685 ( Tex. Civ. App. 1953 ) bail statute, *Bingham* v. *Montcalm County*, 251 Mich. 651, 232 N.W. 348, or private contract or agreement, *West* v. *Ankney*, 134 N.E.2d 185 ( C.P. Ohio 1956 ), *Greenberg* v. *Alter Company*, 255 Iowa 899, 124 N.W.2d 438 is not particularly persuasive here. The case most in point, *Dun-*

*lap* v. *Whitmer*, 133 La. 317, 62 So. 938, in fact rejected the contention that a bank draft was "cash." In *National Bank* v. *Land Office Board*, 300 Mich. 240, 1 N.W.2d 525 it was held that "cash" included a cashier's check. However the check had been accepted by the selling authority and the legislature had authorized the acceptance of checks in many situations for the payment of debts to the government. The court therefore refused to upset the stipulation by the parties that cash had been paid by the successful bidder.

Although the meaning of "cash" may vary with the context of its use, the common meaning is United States currency. *Camden* v. *Mayhew*, 129 U.S. 73, 32 L. Ed. 608, 9 S. Ct. 246; Annot., 86 A.L.R.2d 292. Nothing in the present case indicates that the City Council intended to expand this meaning. Indeed the term "certified check" would be unnecessary if "cash" were to include various forms of commercial paper in addition to currency.

The various commercial instruments involved in this case have definite and distinct meanings. A bank draft is merely the instrument of one bank drawing upon its deposits with another bank. RSA 382-A:3-104. A cashier's check is the instrument of a bank drawing upon its own funds. *Bowie County* v. *Farmers' Guaranty State Bank*, 289 S.W. 451 (Tex. Civ. App. 1926). Certification of a check is acceptance by the drawee. RSA 382-A:3-411 (1).

For this case the important distinction among these instruments is the number of parties liable on the instrument. Bank drafts and cashier's checks are "one-name paper." Only the drawer bank is liable on a bank draft until accepted by the drawee. RSA 382-A:3-409 (1). Although a cashier's check is accepted upon issuance, there is only one bank involved and therefore only one party bound on the instrument. *Bowie County* v. *Farmers' Guaranty State Bank*, *supra*; Windsor, The Certified Check, 81 Banking L.J. 480 (1964). However both the drawer and drawee are bound on a certified check. RSA 382-A:3-411. *State* v. *Perkins*, 165 Ohio St. 185, 134 N.E.2d 839. There are therefore accepted and reasonable distinctions among "cash," "certified check," "bank draft" and "cashier's check" upon which the City Council could base its preference for cash or certified check. Within the context of the auction of property sold for taxation the phrase "cash or certified check" had a definite, unambiguous and accepted commercial meaning. *Naum* v. *Naum*, 101 N.H.

367, 143 A.2d 424; *Concrete Inc.* v. *Rheaume Builders*, 101 N.H. 59, 132 A.2d 133; Windsor, The Certified Check, *supra*.

The general rule that a municipality must accept the highest bid, *Ross* v. *Wilson*, 308 N.Y. 605, 127 N.E.2d 697; *Bean* v. *Thompson*, 19 N.H. 290, only requires acceptance of the highest bid which conforms to the terms of the auction sale consistent with the governing municipal ordinance. *Hillside Twp.* v. *Sternin*, 25 N.J. 317, 136 A.2d 265. The city did not waive the bidding requirements. It rejected the two highest bids which did not comply with the terms of the auction and accepted the bid accompanied by currency. Subsequent compliance with a court order was not a waiver of the terms by the city. Acceptance of the Perrys' bid by defendant West could have subjected him to personal liability. *Wurm* v. *John J. Reilly, Inc.*, 102 N.H. 558, 163 A.2d 13; *Chase* v. *Monroe*, 30 N.H. 427.

Both the city and the public were entitled to rely upon the terms of the auction sale and the controlling ordinance and this court will not compel the city to waive the conditions in the advertisements and ordinances. A 10% deposit on all bids will help limit the competition to serious bidders and protect the city from expenses incurred because of a defaulting bidder. The city is thus entitled to insist upon the safest possible form of deposit. All bidders must have equal opportunity and the city officials must not be required to make subjective evaluations of the apparent financial integrity of the bidders. *Hillside Twp.* v. *Sternin*, 25 N.J. 317, 136 A.2d 265, *supra*. Certainty in bidding procedures by which all bidders are on an equal basis should not be discouraged in the disposition and sale of municipal property.

Pasquale Alosa, the highest bidder who conformed to the terms of the auction, is therefore entitled to the property upon full payment of his bid price. Questions relating to taxes, title and reimbursement may be determined by agreement of the parties or by decree of the trial court. *See Rivard* v. *Ross*, 99 N.H. 299, 109 A.2d 857.

*Remanded.*

All concurred.