ROBERTSON, Presiding Judge.
This appeal challenges the determination of the probate court in a will contest concerning the disposition of the testatrix’s “cash money.” We affirm.
Anna Keeby executed her will on October 27,1983. The record reveals that Ms. Keeby died on June 4, 1994. On October 4, 1994, her will was admitted to probate. After directing payment of her debts in ITEM ONE, the pertinent part of Ms. Keeby’s will made the following dispositions:

“ITEM TWO

“I hereby give, devise, and bequeath to CANCER RESEARCH OF MOBILE one-half of all my cash money and real property commonly known as 378, 378⅛ and 380 Bay Bridge, Magazine, Alabama.

“ITEM THREE

“I hereby give, and bequeath to NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 10 Columbus Circle, New York, New York, 10010, the other one-half of all my cash money.

“ITEM FOUR

“I hereby give, devise, bequeath to cousin, DARLENE SCOTT, as her property absolutely in fee simple forever, my home place commonly know as 2008 Magazine Road, Magazine, Alabama, also my real property known as 375 Creamer Street, Magazine, Alabama, along with all furniture and furnishing, clothes and wearing apparels located in my homeplace at 2008 Magazine Road, Magazine, Alabama.

*1243
“ITEM FIVE

“I give, devise and bequeath to my beloved cousin, CAROLYN SQUARE, as her property absolutely in fee simple forever, my real property commonly known as 385 Bay Bridge Road, Magazine, Alabama.

“ITEM SIX

“I give and bequeath to RUTH EDWARDS all my jewelry and rings as her property absolutely.

“ITEM SEVEN

“I give and bequeath to JOSEPH W. RODRIGUES the sum of One Hundred and No/100 ($100.00) in cash.

“ITEM EIGHT

“I give and bequeath to WILLIAM RICHARDSON of New York City, New York, all motor vehicles I may own at the time of my death.

“ITEM NINE

“I give, bequeath and devise all the rest and residue- of my property, real, personal and mixed, whatsoever and wheresoever located to DARLENE SCOTT, who is my distant cousin.”
The probate court appointed the executrix named in the will, Amanda Wallace, and' Erma D. Taylor as co-personal representatives. Neither Wallace nor Taylor are related to the testatrix or beneficiaries under the will. In addition to several parcels of real property, assorted furnishings, and articles of personal property, the estate inventory included $75.00 in currency and coins, $14,-357.40 in two cheeking accounts, $64,114.28 in a savings account, $870.04 in NOW (negotiable order of withdrawal) accounts, and $320,-983.94 in six certificates of deposit.[1]
On April 11,1995, the personal representatives filed a “petition to construct the will,” alleging that Darlene Scott had earlier argued that the term “cash money” used in the will encompassed only the $75.00 in currency and coins in the estate inventory. Scott’s answer to the representatives’ petition asserted that the testatrix’s intention[2] was to leave Scott all funds on deposit in the various savings, checking, and NOW accounts and in the certificates of deposit.
The probate court took the case under advisement on June 2, 1995, and issued its judgment on June 8, 1995. The court noted that the issue before it was the intended meaning of the term “cash money” in the will and held, in pertinent part, as follows:
“The Court has carefully considered the evidence presented, the pleadings, arguments, briefs and authorities cited by counsel. The Court has additionally considered the various definitions which are relative to the issue of ‘cash money.’ Upon due consideration, the Court is of the opinion and does hereby FIND AND DECREE that the term ‘cash money” as stated in the last will and testament of Anna B. Keeby, deceased, is defined to mean and does include for the purpose of distribution under said will the following:
“Checking accounts, savings accounts, NOW accounts, certificates of deposit and coins.”
Scott appealed to the Supreme Court of Alabama, arguing that the testatrix did not intend to include the contents of the various accounts and the certificates of deposit in the term “cash money.” The Supreme Court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7. The record on appeal contains no indication of any hearing on the issue before us, nor does it contain any documentary evidence beyond the will and probate papers.
The testatrix’s intent controls the legal effect of a will’s dispositions. Ala.Code 1975, § 43-8-222; deGraaf v. Owen, 598 So.2d 892 (Ala.1992). The only indication of intent contained in the record comes from the will itself. There is no disputed evidence about the question of intent, and the pre *1244 sumption of correctness accorded the probate court in ore tenus proceedings does not apply in this case. Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980).
We recognize that, our review of the will is governed by the same requirements that applied to the probate court. In discerning the intent of the testator, we consider the entire will rather than particular bequests. Matthews v. Matthews, 477 So.2d 391 (Ala.1985).
We note initially that the contestant, Scott, received a substantial bequest in ITEM FOUR of the will in addition to the residuary estate. Second, we do not presume that the testatrix intended that Scott receive all the assets of the testatrix in preference to the charities named in the will because she was related to the testatrix as a “distant cousin.” The will also makes a specific bequest to Carolyn Square as a “beloved cousin,” and we can make no inference that the testatrix intended such a preferential treatment to Scott over Square. Moreover, we note that preferential dispositions to charity are supported by precedent. Crippled Children’s Foundation v. Cunningham, 346 So.2d 409 (Ala.1977).
We also consider the priority of the dispositions in the will, noting that the charitable dispositions come first, in ITEM TWO and ITEM THREE, and that only these items use the term “cash money.” We infer from the position of these dispositions in the will and the use of the term “cash money,” that the testatrix intended to make substantial bequests to those two charities. We cannot conclude that the amount of the bequest that Scott claims the testatrix intended to make to these charities, slightly more than $75.00, is a proper construction of Ms. Keeby’s intent.
We also consider whether applicable legal definitions of “cash money” support the probate court’s determination. Although all parties in this appeal have ably briefed the issue, neither their briefs, nor our research, has disclosed a generally applicable definition of “cash money” in the law of Alabama. However, Black’s Law Dictionary (6th. ed.1990) at 216 defines “cash” as follows:
“Money or the equivalent; usually ready money. Currency and coins, negotiable checks, and balances in bank accounts. That which circulates as money.”
Surely a-deposit to a bank secured by a certificate is an “account” with that bank. Also, most general accounting definitions of “cash” include bank deposits and checking and savings accounts, i.e., assets which are readily converted to money. See, e.g., Financial Accounting Standards Board, C25.105 (1991), Siegel and Shim, Dictionary of Personal Finance, “Cash” (Macmillan Pub. Co.1982), and Carmichael, Lilien, and Mellman, Accountant’s Handbook, Chapter 11 (Wiley & Sons 7th ed.1991).
As in the case before us, most of the cases in the nation that have addressed the meaning of “cash” or “cash money” have done so in the context of the particular facts before them. Many of these cases have construed the term “cash” to include bank deposits and checking and savings accounts. See, e.g., Barnes v. Evans, 102 N.C.App. 428, 402 S.E.2d 164 (1991); In re Mitchell’s Estate, 519 So.2d 430 (Miss.1988); Kortz v. American National Bank of Cheyenne, 590 P.2d 1338 (Wyo.1979); In re Storm’s Will, 205 Misc. 1109, 130 N.Y.S.2d 521 (1954); and Bingham v. Montcalm County, 251 Mich. 651, 232 N.W. 348 (1930). See also Annot. What Passes Under Terms “Cash, ” “Cash on Hand,” or “Cash Assets” In Will, 27 A.L.R.3d 1406 (1969).
In a factually similar case, In re Irwin’s Estate, 25 Ohio Misc. 151, 266 N.E.2d 596 (Ohio Com.P1.1969), the court considered an estate composed of approximately $200,000 in stocks, bonds, a mortgage, and various bank accounts, in addition to some $160 in currency and coins. The will directed the “cash money” be divided between five legatees. The court concluded under those circumstances that the term “cash money” encompassed the $200,000 in assets that were not strictly currency.
We are cognizant of cases which have construed the term “cash” more narrowly, see, e.g., In re Feist’s Will, 170 Misc. 497, 10 N.Y.S.2d 506 (N.Y.Sur.1939). However, *1245 these authorities do not overcome the probate court’s interpretation of the language in this -will or the weight of authority in support of that interpretation.
Accordingly, we hold that a view of the will as a whole supports the probate court’s determination that “cash money” in this case included not only the $75.00 in currency and coins found in the house, but also the contents of the various accounts and certificates of deposit. The judgment of the probate court is due to be, and is hereby, affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.

. The record does not disclose when the certificates of deposit were acquired in relation to the execution of the will or the source of the funds.

. The attorney who drafted the will predeceased Ms. Keeby.